THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (MARIE G. McDERMOTT *et al.* Defendants in Error.)

*Opinion filed April 23, 1926.*

1. WORKMEN'S COMPENSATION—*meaning of terms "arise out of" and "in the course of" the employment.* In the provision of the Compensation act that the accidental injury must arise out of and in the course of the employment, the words "out of" point to the origin of the cause of the accident and the words "in the course of" point to the time, place and circumstances under which the accident occurred.

2. SAME—*general rule as to when injury arises out of and in course of employment.* The statutory provision that the injury must arise out of and in the course of the employment requires that both conditions be met and means that the accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required to do within the time of his employment and at the place where he may be reasonably expected to be while discharging duties of his employment.

3. SAME—*when employee is not in course of employment.* An employee is not in the course of his employment, even though he may be in the general area of it, if at the time he is injured he is not engaged in the particular duties for which he was employed or in any work incidental to his employment.

4. SAME—*when death of school janitor does not arise out of and in course of employment.* The accidental death of a janitor or engineer of a public school, who was killed by a falling scuttle-hole cover blown from the roof of the building while he was repairing his own private automobile in which he had come to the place of his employment but before he had entered upon his duties, cannot be said to arise out of and in the course of his employment.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

FRANK S. RIGHEIMER, (JOHN A. COOKE, and FRANK F. TRUNK, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The circuit court of Cook county confirmed an order of the Industrial Commission awarding compensation to Marie G. McDermott, widow, and Marie and Thomas McDermott, minor children of Thomas J. McDermott, deceased, for $16 per week for a period of 265 weeks and in addition thereto one week at $10, as provided for in paragraph (*a*) of section 7 of the Compensation act, and against the board of education of the city of Chicago, plaintiff in error. This court, on petition, allowed a writ of error for a review of the record.

Thomas J. McDermott at and previous to his death was in the employ of plaintiff in error as engineer-custodian of the Bryant school, in the city of Chicago. His duties were to superintend the heating, ventilating, cleaning and janitor work in the building and general supervision of the school property. On Saturday, April 21, 1923, McDermott was accidentally injured by the falling of a scuttle-hole cover from the roof of the school building while engaged in repairing his automobile in a public alley at the rear of the school building where he was employed and died from the result of the injury on the same day, leaving him surviving Marie G. McDermott, widow, and Marie McDermott and Thomas McDermott, his children, aged fifteen and fourteen years, respectively.

The following is the substance of the facts in the record concerning the accidental injury: About nine o'clock in the morning of said date the deceased left his home in his automobile, arriving at the Bryant school building shortly thereafter. The car used and driven by him to the school building was his private property and plaintiff in error had nothing to do with his transportation to and from his place of employment. Upon arriving at the school building the deceased parked his car in a public alley to the east and at the rear of the school building and south of the boiler room

door near the alley. He went into the boiler room and instructed one Brunclik, a fireman under his supervision who was just leaving the school premises, to drain the alcohol from the radiator of his car. The deceased was required to be on duty at the school building on Saturdays from about eight o'clock in the morning until ten o'clock in the morning. On arrival on the morning that he was killed he did not change his street clothing for his work clothes, as was his custom. The deceased went into the alley with Brunclik and stood alongside of the hood of his car while Brunclik drained the alcohol from the radiator. He then raised the hood of the car and assisted by Brunclik "tinkered" with the engine. Brunclik left while the deceased was thus engaged. After Brunclik left, the deceased was seen by another employee who was going to the boiler room for a brush, standing by the automobile, with the hood raised and his hand under the hood. McDermott was in that position when last seen alive. The same employee, one Durand, had seen the deceased in that position upon his return from the boiler room to the place where he was at work. In a few minutes thereafter a boy came running to Durand and told him that a man was lying in the alley. Durand went to the automobile and found McDermott lying in the alley about three feet from his car and at right angles to it. The hood of the automobile was still raised. There was a gash in McDermott's head and his head was in the center of a scuttle-hole covering which had formerly covered the scuttle-hole on the roof of the building. Just previous to the time Durand found the deceased lying in the alley there had been a strong wind, and it is unquestioned that the scuttle-hole covering had been blown from the roof of the school building and had fallen upon the deceased's head, and that he died from the injury about one o'clock on the same day.

It was agreed by the parties on the hearing before the arbitrator that the deceased and the board of education were

both working under and subject to the Workmen's Compensation act, and that the deceased had been in the employ of the plaintiff in error for more than one year previous to the date of his death and that his annual earnings were $3499.60. There is no dispute as to the dependency of the defendants in error upon the deceased and their right to compensation if such may be legally awarded to them on the facts. The only question presented for decision is whether or not the injury which resulted in the death of McDermott arose out of and in the course of his employment by the plaintiff in error.

It was incumbent on the defendants in error to prove that the injury to their husband and father arose "out of and in the course of" his employment. These words have often been discussed and defined by this court, and it is now well established that the words "out of" point to the origin of the cause of the accident, and that the words "in the course of" point to the time, place and circumstances under which the accident occurred. These words are used conjunctively, and there can be no recovery in this case unless the injury occurred in the course of the employment and also arose out of the employment. The full meaning of this statement is, in substance, that the accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required to do within the time of his employment and at the place where he may be reasonably expected to be while discharging the duties of his employment. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Morris & Co.* v. *Industrial Com.* 295 id. 49.

The facts in this case conclusively show that the deceased was at the time of the accident engaged in his own private business which was in no way incident to his employment. If it be conceded that he was at the place of his employment at the time of the accident, it cannot be

legally said that he was performing any duty in his employment or connected with his employment when he was repairing his car. The place at which the accident occurred was not a place where his employment for the plaintiff in error had taken him. The law is settled that an employee is not in the course of his employment, even though he may be in the general area of it, if he is not engaged in the particular duties for which he was employed or in any work incidental to his employment. (*West Side Coal Co.* v. *Industrial Com.* 291 Ill. 301; *Danville, Urbana and Champaign Railway Co.* v. *Industrial Com.* 307 id. 142.) If the deceased had been at his home repairing his car at the time of the accident no one would certainly contend that he was engaged in his employment with the plaintiff in error. The fact that he was near or on the school property at the time of the accident while he was engaged in repairing his car did not bring him within the course of his employment. The evidence does not show that the deceased had begun his employment on the morning of his death. He had not changed his clothes, as was his custom to do before beginning his work. Even if he had already begun his work, it is clear that he had departed from his employment at the time of the accident and that the work that he was then performing was in no manner incident to or connected with his work. Therefore the award of compensation in this case was not warranted under the evidence in the record. It is simply an unfortunate accident for which his unfortunate dependents cannot be legally awarded compensation.

The judgment of the circuit court is reversed and the award of the commission is set aside.

*Judgment reversed.*