## Peter Makarewicz, Plaintiff in Error, v. Hoyt Metal Company, Defendant in Error.

Opinion filed June 4, 1931.

HAROLD J. BANDY and PHILIP G. LISTEMAN, for plaintiff in error.

POPE & DRIEMEYER, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In an action of assumpsit plaintiff averred, in the first count of his declaration, that on July 24, 1928, he was employed by defendant in its factory; that they were both subject to the provisions of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.;* that on the day aforesaid he sustained an accidental injury which arose out of and in the course of his employment; that while in the discharge of his duties an iron door became unfastened and fell upon him, causing several of his ribs to be fractured, etc.; that shortly thereafter he applied to defendant's superintendent for compensation for his injuries and was told that if he would not file a petition for compensation under the statute the defendant would pay him the total amount he would be entitled to recover under the Act; that he relied upon the said promise and filed no petition, etc.

The averments of that count, if true, were sufficient to show that plaintiff would have been entitled to compensation had he filed his petition in time. One of the essential averments in that regard is that the plaintiff sustained an accidental injury which arose out of and in the course of his employment. Without proof of that averment plaintiff would not have been entitled to compensation under the statute. The words ''out of'' point to the origin of the cause of the accident, and the words ''in the course of'' point to the time, place and circumstances under which the accident occurred. There could be no recovery under the statute unless the injury occurred in the course of the employment and also arose out of the employment. *Board of Education v. Industrial Commission,* 321 Ill. 23. While plaintiff averred the origin of the cause of the accident, he offered no evidence that even tended to prove the averment. Without such proof it cannot be said that he would have been entitled to any sum whatever under the Workmen's Compensation Act.

The second and third counts contain similar averments except they do not charge that the accident arose out of the employment. Instead of so averring they charge that plaintiff believed or had good reason to believe that he was entitled to recover compensation under the statute. The promise alleged to have been made by the defendant is the same promise averred in the first count. The second and third counts are not framed on the theory that plaintiff had a claim about which there was a controversy and that the parties had made a compromise agreement for its settlement. It seems to us that it was incumbent upon the plaintiff to aver and prove that if he had filed a petition for compensation he would have been entitled to an award. That must be true because the alleged promise was to pay him what he would have been entitled to if he had filed a petition. He utterly failed

to prove that the accident arose out of his employment —the origin of the cause of the accident.

Plaintiff testified that soon after his injury he asked defendant's superintendent for compensation and that he was told they were not going to pay him; that a little later he again spoke to the superintendent about the matter and was told to see the defendant's lawyer, Mr. Chapman. He did not testify that the superintendent made any promise to pay him. Thereafter plaintiff and his attorney called upon Mr. Chapman and plaintiff testified that on that occasion Mr. Chapman made the promise relied upon, but that Mr. Chapman also told them that he would have to take the matter up with headquarters, the main office. He says that he later called Mr. Chapman on the phone and that Mr. Chapman told him he hadn't heard from the authorities. As we understand his evidence the time for filing a petition had not then expired. He had no further talk with Mr. Chapman or the superintendent and let the matter rest until he filed his petition with the industrial commission in September, 1929, more than a year after the accident. Plaintiff offered no evidence to show that Mr. Chapman had authority to make the alleged promise. Without authority so to do the promise of the attorney, if made, would not be binding on the defendant. *McClintock v. Helberg,* 168 Ill. 384.

In the state of the proof the court did not err in directing a verdict for the defendant and the judgment is affirmed.

*Affirmed.*