(No. 3556—

Louis C. Chiara, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 13, 1942.*

Joseph W. Koucky, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

Louis C. Chiara, claimant, was an attendant at the Chicago State Hospital, Chicago, Illinois, for a long time prior to March 20, 1940. On the last mentioned date he was struck in the face by a patient while working on ward CW15. The blow broke his eye glasses and caused his right eye to become discolored. Some sixty (60) days thereafter he claimed that his back had been injured during said assault, which affected the lower extremities, and therefore he files his complaint. He asks an award as the result of said assault, of March 20, 1940, as follows:

(1) Thirteen and 20/100 ($13.20) Dollars per week for one hundred (100) weeks for temporary total disability as provided in Paragraph (e) Section (8).

(2)   Thirteen and 20/100 ($13.20) Dollars per week for complete and permanent disability, including pension provided for under Paragraph (f) Section (8).

Three physicians testified in this case, one for the claimant, and two for the respondent.   There is very little conflict in the diagnosis of each of these physicians.   They all agree that at the time the testimony was taken, on March 27, 1941, that claimant had disability of his legs and back.

The questions to be determined are whether the present ill-being of claimant is attributable to the assault upon him on March 20, 1940, and if so did the respondent receive notice or knowledge of the injury within the time fixed by Section 24 of the Workmen's Compensation Act.

Upon a careful reading of the testimony in this case it is impossible to ascertain the physical condition of the claimant prior to the alleged assault on March 20, 1940.   This question was studiously avoided in his direct examination by his attorney, neither was any reference made in the examination in chief to the fact that this claimant had received an award for disability from the State of Illinois prior to March 20, 1940, although the same attorney had represented him and obtained an award, but this fact was developed by the Attorney General on cross examination.   It was therefore necessary for the court to examine the case of *Louis C. Chiara* vs. *State of Illinois* as reported in 10 C. C. R. page 387, to ascertain the physical condition of the claimant prior to March 20, 1940, and it is interesting to note the similarity between that case and the one before the court.

From this case it appears that claimant suffered from an involvement of the sciatic nerve some years prior to July 20, 1935, and that on the last mentioned day he had a stiffness of the lower part of the back, and a limitation of motion of both legs; that the injuries this claimant received on July 20, 1935, either caused a neuritis of the sciatic nerve, or lighted up the pre-existing sciatic condition, and further that he had on said day a permanent loss of thirty-three and one-third (33 1/3) per cent of the use of the right leg, and a permanent loss of ten (10) per cent of the use of the left leg, for which he was paid Nine Hundred Eighty-eight ($988.00) Dollars by the State of Illinois.

Having thus ascertained the physical condition of the claimant prior to March 20, 1940, the question now arises is he

entitled to additional award for forty (40) per cent additional loss of use of the left leg, and sixteen and two-thirds (16 2/3) per cent additional loss of the use of the right leg, as claimed. This case is not prosecuted under Section 19, Paragraph (h) of the Workmen's Compensation Act.

The evidence shows after the claimed assault of March 20, 1940, he went to Dr. Ernest S. Klein, a staff physician for treatment, and although he testified that he reported the injury to his back, to his supervisor, and Dr. Klein, on that day, Dr. Klein denies any such report, and the supervisor did not testify. Dr. Klein testified that the injury involved a slight laceration of the skin near the right eye, which was discolored, and that his glasses had been broken from the blow, and he pronounced the injury mild.

Dr. Louis Olsman, and Dr. H. H. Goldstein, staff physicians, denied that the claimant mentioned an injury to his back or legs at the time they treated him, but agree that claimant informed them that some three weeks prior to the date of the injury he stretched and reached while playing baseball, which caused him to have a pain down his left leg. The court is of the opinion that the contention of the claimant that his back was injured in said assault, but not reported by him until May 20, 1940, was apparently an after thought and is not based on fact. The x-rays that were taken on May 23, 1940, showed no evidence of any bony pathology involving the lower lumbar spine, sacral spine or pelvis. The claimant was under treatment from May 20, 1940, until June 1, 1940, when he left the hospital against the orders of the attending physician, without being discharged. On June 21, 1940, the claimant again entered the employee's hospital for treatment with a similar complaint, and on June 24, again left the hospital on his own accord against the attending physician's advice, without being discharged. During that month the claimant entered the Cook County Hospital of his own accord where he remained about two weeks and again left without being discharged by the attending physician. The latter part of June he returned to the Cook County Hospital. The evidence is clear that claimant at no time claimed an injury to his back until May 20, 1940, some sixty (60) days having elapsed from the time of the assault.

The burden of proof is upon the claimant to show by a preponderance of the evidence that the injury for which com-

pensation is claimed not only occurred during the course of his employment but also arose out of it, (*Dietzen* vs. *Industrial Bd.*, 279 Ill. 11; *Board of Education* vs. *Industrial Comm.*, 321 Ill. 23.)

Likewise "the burden of proof is on the claimant to show by a preponderance of the evidence that there is a causative connection of the accidental injury with the disability." (*Rittler* vs. *Industrial Comm.*, 351 Ill., 338; *Sanitary District* vs. *Industrial Comm.*, 343 id. 236; *Freeman Coal Co.* vs. *Industrial Comm.*, 315 id. 84; *Standard Oil Co.* vs. *Industrial Comm.*, 339 id. 252; *Berry* vs. *Industrial Comm.*, 335 id. 374; *Sears Roebuck & Co.* vs. *Industrial Comm.*, 334 id. 246.)

Also the burden of proof is on the claimant to prove by a preponderance of the evidence that notice of said injury was given to respondent within thirty (30) days. Giving notice of the accident within thirty (30) days and making claim for compensation within six (6) months after the accident are each jurisdictional, and conditions precedent to the right to maintain a proceeding under the Compensation Act. (*Burke* vs. *Industrial Comm.*, 368 id. 554; *Lewis* vs. *Industrial Comm.*, 357 id. 309; *Ohio Oil Co.* vs. *Industrial Comm.*, 293 id. 461) as provided by Section 24 of the Workmen's Compensation Act.

It is the province of the Court of Claims to decide the case upon the evidence and all reasonable inferences that can be drawn therefrom, but in drawing inferences from the evidence, where there is no positive proof that the death or injury of the employee was occasioned as a result of an accident suffered during the course of his employment, the inferences must be reasonable such as can legitimately and properly be drawn from the proven facts. The term "inferences," as used in this connection, does not mean guesswork. There is no presumption in a case of this nature that the disability was caused by reason of the accident. The liability of the respondent under the Compensation Act can not rest upon imagination, conjecture or surmise. (*Rittler* vs. *Industrial Comm.*, supra; *Byram* vs. *Industrial Comm.*, 333 Ill. 152; *Illinois Bell Telephone Co.* vs. *Industrial Comm.*, 325 id. 102; *City of Rochelle* vs. *Industrial Comm.*, 332 id. 386.)

It is just as reasonable to infer that the injury of July 20, 1935, caused all the disability complained of as to infer that

the blow to the face on March 20, 1940, increased or caused the disability.

The liability of the respondent cannot be rested upon a choice between two views equally compatible with the evidence. (*Rittler* vs. *Industrial Comm.*, supra; *Green* vs. *Industrial Comm.*, 324 id. 504.)

It is well settled in this State that when an accidental injury, which arises out of, and in the course of the employment, aggravates a pre-existing disease or causes it to flare up so that disability results the employer is liable for such disability. (Angerstein's "Workmen's Compensation Act." Section 52; *Peoria Terminal Co.* vs. *Industrial Bd.*, 279 Ill. 352; *Rockford Hotel Co.* vs. *Industrial Comm.*, 300 id. 87; *Carson Payson Co.* vs. *Industrial Comm.*, 340 id. 632; *Ervin* vs. *Industrial Comm.*, 364 Ill. 62.)

In the instant case claimant was examined on March 20, 1940, and his injury was diagnosed as slight, by Dr. Klein. This was not such an injury that would aggravate a pre-existing disease, and claimant does not come within the cases above cited. Likewise he makes no claim here that the attack of March 20, 1940, accelerated or aggravated a pre-existing disease.

Under the facts in this case the court holds that claimant did not give notice of an injury to his back or legs within thirty (30) days as provided in Section 24 of the Workmen's Compensation Act, and further that the blow to his head could not have caused the disability he attempts to prove. We further hold that the disability, now complained of existed prior to the assault of March 20, 1940, and therefore was not caused by reason of the later assault. To believe otherwise the court would be compelled to indulge in imagination, conjecture, and surmise. That the claim heretofore filed and award granted to him in re: *Louis C. Chiara* vs. *State of Illinois,* 10 C. C. R., Page 387, for disability to his legs was adjudicated at that time, and must now be considered *res adjudicata*—for these reasons an award must be denied.