(No. 4259—

OPAL COLBERT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Opal Colbert, brings this case under the Workmen's Compensation Act to recover from respondent for injuries sustained while she was an employee of respondent at the Chicago State Hospital operated by the Department of Public Welfare.

The crucial question to be decided is whether her injuries were sustained as a result of an accident arising out of and in the course of her employment.

On June 2, 1949, claimant was employed by the month in the Nursing Department. On that day she worked her regular shift from 7:00 A.M. to 3:00 P.M. At about 9:00 P.M. while claimant was off duty resting, attired in a housecoat, in quarters in the Employees' Building furnished by respondent, a coin box telephone on the floor below began to ring. Claimant went downstairs and answered the phone. The call was not for her, and she did not recognize the voice of the person calling. This coin phone was apparently installed so that employees could use it for outside personal calls. There was also a house or institutional phone nearby. The ring of the two phones was different, and by the sound each made, claimant was able to identify which was ringing.

Claimant testified that when she was off duty and on the institution grounds she was subject to emergency call at all times. She differentiated between her regular and extra duty and emergency duty. Claimant was notified the day before of the time to report for either regular or extra duty, but felt that an emergency duty call could come at any time, although she personally had never been called for emergency duty. She was not required to stay on the grounds of the institution when off duty.

The phone claimant answered was sometimes used to call employees to duty, but claimant had never been called to duty over the phone she answered.

After answering the phone, claimant started upstairs and either because she tripped on her housecoat, or slipped on the polished floor, she fell, fracturing the distal end of her right fibula.

Hospitalization and treatment were required for several weeks, all of which were furnished by respondent, but respondent never paid claimant any compensation.

Claimant contends that, because of the possibility that she might have been called to duty on the phone she answered, and because she was on the institution premises in quarters furnished by respondent, subject to emergency call, she was injured in an accident that was incidental to her employment. With this contention we cannot agree.

Although it is true that the Workmen's Compensation Act is to be liberally construed in favor of employees, claimant must bring herself within the Act and this she has not done.

In *Edmonds* v. *Ind. Com.*, 350 Ill. 197, a woman was employed by an employer who had elected to come under the Workmen's Compensation Act. At pages 198 and 199 the Court said:

"The accident from which the injuries resulted occurred on January 10, 1931. For almost two years prior to that date Mrs. Stage had been employed by Edmonds as a maid in his home at LaGrange. She had a room on the third floor of the residence, and made her home there. She was allowed Saturdays off, excepting that she cooked breakfast. She was also permitted to work for other persons, consisting principally of caring for children during the evening, and kept the extra money earned in that manner. On the evening of her injury an arrangement had been made for her to take care of some children at another home, and Edmonds' daughter had agreed to drive her over to this place. While getting ready to leave the Edmonds home, she fell down the stairs leading from the third to the second floor, suffering a painful injury to her back. At the time of the accident Edmonds was carrying compensation insurance on his household servants and employees. . . .

"The accidental injury contemplated must both arise out of and in the course of the employment. (*Becker Roofing Co.* v. *Industrial Com.*, 333 Ill. 340; *Dietzen Co.* v. *Industrial Board*, 279 id. 11.) The accident in this case occurred on a Saturday evening, when Mrs. Stage was off duty, and was preparing to go out and work for someone else. It, therefore, did not occur within the period of the employment, but rather at a time expressly exempted from the period of her employment. It is true that she was injured at the home of

her employer, but this was also her home. The evidence shows that at the time of her injury she was not engaged in any work which was even remotely connected with her employment by Edmonds. Employees are not in the course of their employment, even though they may be in the general area of it, if they are not engaged in the particular duties for which they were employed or in some work incidental thereto. (*Board of Education* v. *Industrial Com.*, 321 Ill. 23; *Danville, Urbana and Champaign Railway Co.* v. *Industrial Com.*, 307 id. 142; *Savoy Hotel Co.* v. *Industrial Board*, 279 id. 329.) The fact that Mrs. Stage was in the home of Edmonds at the time she sustained her injury does not alter the fact that she was then off duty, and was in the act of leaving his home under an engagement of her services for hire at another place. The accident, therefore, did not arise out of and in the course of her employment."

We think that the *Edmonds* case is applicable to the instant case. The possibility of something happening on the phone, which had never happened before as far as claimant was concerned, would place on respondent a liability based on conjecture and not facts. This we are not prepared to do.

An award to claimant must, therefore, be denied.

William J. Cleary & Co., Court Reporters, Chicago, Illinois was employed to take and transcribe the testimony before Commissioner Tearney. The charges of such firm, amounting to $56.75, are customary, and an award for said amount is entered in favor of such firm.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act relating to the payment of compensation awards to State employees."

Award to claimant denied.