GREAT NORTHERN RAILWAY COMPANY, Appellant, vs. KING and another, Respondents.

SAME, Respondent, vs. KING, Appellant, and another, Respondent.

*January 19—February 13, 1917.*

*Workmen's compensation: Election not to accept law: Time for filing: Extension: Withdrawal from operation of the act: When employee engaged in interstate commerce: Award conclusive upon party not bringing action to review it.*

1. The legislature having, in sub. 2, sec. 2394—5, Stats., fixed the time before which notice of an election by an employer not to accept the provisions of the Workmen's Compensation Act must be filed, the courts are powerless to extend the time.

2. A notice of such an election which was dated August 30th, mailed September 2d, and received by the industrial commission September 3, 1913, was not filed prior to September 1, 1913, within the meaning of sub. 2, sec. 2394—5, Stats., and hence was not effective.

3. Such ineffective notice of election cannot be construed as a withdrawal under the provision of said section which allows an employer to withdraw himself from the operation of the law at the end of the year.

4. To establish that a railway employee was, at the time of injury, "employed in interstate commerce," it must appear that he was at that time engaged in interstate transportation or in work so closely related to it as to be practically a part of it.

5. Where a railway company transacted both interstate and intrastate business, although the latter was trifling in amount, a janitor in its general office in this state who was injured while breaking up coal for the furnace was not at the time engaged in interstate commerce.

6. So far as an award by the industrial commission under the Workmen's Compensation Act is against the contentions of either party it is conclusive and final unless that party brings his action to review it in that respect.

APPEALS from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The defendant *King* was awarded the sum of $562.20 by the *Industrial Commission* for a serious injury to his right eye by an accident occurring while employed by the plaintiff as janitor in its general office at Superior, Wisconsin. While he was breaking up coal for the furnace with an axe, a small splinter flew off and struck him in the eye. He claimed double the compensation actually awarded to him because (as the *Commission* found) there was practically a total loss of vision of the eye, but the *Commission* awarded him compensation on the basis of fifty per cent. diminished vision because of the admitted fact that the eye prior to the accident had only one half of ordinary vision owing to congenital causes. The plaintiff brought this action to set aside the award, and after trial judgment was entered confirming the award, from which judgment the railway company appeals. *King* brought no action to increase the award, but has appealed from the judgment in this action, and contends that the circuit court should have awarded him compensation for total loss of vision of the eye and that such relief may be given him in the present action.

The cause was submitted for the plaintiff on the brief of *J. A. Murphy* of Superior; for the defendant *King* on that of *Hanitch & Hartley* of Superior; and for the defendant

*Industrial Commission of Wisconsin* on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general.

WINSLOW, C. J. The appellant railway company claims a reversal (1) because it was not under the Workmen's Compensation Law at the time of the injury, and (2) because the claimant was engaged in interstate commerce at the time and hence the Compensation Law does not apply under the terms of sub. (3), sec. 2394—8, Stats. These contentions will be briefly considered.

1. The Workmen's Compensation Law at the time of the accident provided in substance that on and after September 1, 1913, every employer of four or more employees should be deemed to have elected to accept the law unless prior to that date he had filed a notice of his election not to accept the law.

The claim is made in the present case that such a notice was filed, but the evidence is undisputed to the effect that the only notice filed was a notice dated August 30th, mailed at Superior September 2d, and received by the *Commission* September 3, 1913. By no stretch of the imagination can this be called a notice filed "prior" to September 1st. Statutes allowing amendment in court proceedings have not the remotest application. The legislature has definitely fixed the time when the act in question must be done and the court is powerless to extend it.

It is argued that if the notice was not effective as an election it should be construed as a withdrawal under the provisions of the Compensation Law which allow an employer to withdraw himself from the operation of the law at the end of the year. The notice says simply that the railway company "elects not to accept the provisions" of the law. *Non constat* that it wished to withdraw when it ascertained that its notice of nonacceptance was filed too late. To construe it as a withdrawal would be doing violence to plain language. It says no such thing.

2. Many cases, state and federal, are cited to us upon the

question whether *King* was engaged in interstate commerce at the time of the accident. To review them would be of no use and would but add confusion to a subject already sufficiently confused. The supreme court of the United States is, of course, the final authority on the subject, and the two most recent cases on the subject which are cited to us are *Shanks v. D., L. & W. R. Co.* 239 U. S. 556, 36 Sup. Ct. 188, and *Chicago, B. & Q. R. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 117.

In the first case named the injured employee was injured while altering the location of an overhead counter-shaft in the repair shop of the company where locomotives of the company engaged in both interstate and intrastate transportation were repaired. In the second case named the employee was injured in removing coal from storage tracks to coal chutes where it was to be put into locomotives for use in hauling interstate trains.

In both cases the court said that the employee at the time of the injury must be "employed in interstate commerce" and that the true test of such employment is, "Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" In each case it was held that the employee was not so engaged. Applying the test laid down in those cases to the present case it seems quite certain to us that *King* does not answer its calls. It is true that the business of the *Great Northern Railway Company* is almost entirely interstate business and that its state business is absolutely trifling in comparison, nevertheless it transacts both interstate and intrastate business; and where this is the case we see no logical line that can be drawn based on the relative amount of the intrastate business which is done.

We are well satisfied that *King's* appeal is ineffective, even if we were of opinion that the *Commission* and the trial court erred in not awarding compensation on the basis of a

total loss of vision.    We are not to be understood as intimating any such opinion.

The Compensation Law seems to us to contemplate that so far as an award is against the contentions of either party it is conclusive and final unless *that party* appeals.    Sec. 2394—19, Stats., says that the findings of fact, in the absence of fraud, shall be conclusive, and the award subject to review only when the aggrieved party within twenty days commences an action against the commission and the adverse party to review the award, in which action the complaint shall state the grounds on which the review is sought, and the commission shall serve its answer within twenty days after service of the complaint.    No mention is made in the statute of any such thing as a counterclaim or cross-complaint, and we think it clear that the intent of the statute was to limit the contest in the circuit court to the claims made by the aggrieved party who has commenced his action.    Of course, if both parties feel dissatisfied and commence separate actions the two actions should doubtless be consolidated and tried together.

A somewhat similar question was presented in the case of *Appleton W. W. Co. v. Railroad Comm.* 154 Wis. 121, 142 N. W. 476, with regard to actions brought to review the orders of the *Railroad Commission,* and it was there held that there was no trial *de novo* of the whole matter, but only examination and decision of the specific claims of error made by the plaintiff.    The statutes are quite different, it is true, but the cases seem analogous.

*By the Court.*—Judgment affirmed on both appeals without costs.