HILLMAN, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*April 8—May 11, 1926.*

*Workmen's compensation: Injury to member of corn-shredding crew working on employer's farm.*

Where the compensation insurance of an employer who was engaged in shredding corn for the public generally, expressly covered "corn shredders," applicant, who was employed as a regular member of the shredding crew, was entitled to recover compensation for an injury sustained while shredding corn on the employer's farm.

Hillman v. Industrial Comm. 190 Wis. 196.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed, with directions.*

Appellant was injured while working as a member of a crew operating a corn shredder upon a farm occupied by the defendant *Eighmy,* the owner of the shredder.

Appellant had been employed to perform farm labor upon this farm on previous occasions, but at the time of injury he was employed as a regular member of the shredding crew, as one of the two men who changed off in feeding and oiling the shredder. His employment was to continue until the season of shredding was finished. His employer *Eighmy* was engaged in shredding corn for the public generally.

The owner of the shredder had taken out a policy of compensation insurance in the *Wisconsin Brotherhood of Threshermen Insurance Company* which expressly covered "corn shredders" and estimated the average number engaged in this employment at three.

The *Industrial Commission* found that appellant at the time of injury was engaged in farming labor and was therefore not under the compensation act. This appeal was taken from a judgment of the circuit court confirming the order of the *Industrial Commission* dismissing the application for compensation.

For the appellant there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent *Wisconsin Brotherhood of Threshermen Insurance Company* there was a brief by *Duffy & Duffy* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

STEVENS, J. It is not necessary for the court to determine whether applicant was engaged as a farm laborer at the

time he sustained the injury in question.    Appellant's employer elected to accept the provisions of the workmen's compensation act when he entered into the contract of insurance with the defendant company.    Such election brought appellant, a regular member of the shredding crew, under the act even if it be held that he was a farm laborer, at the time of injury, because the intent clearly appears from the terms of the policy to insure the members of the shredding crew.    Sub. (3), sec. 102.05, Stats.

By making the contract of insurance which covered employees working about a corn shredder, both the employer and the insurance carrier clearly evidenced an intent to include such employees whether they be farm laborers or not    Any other conclusion leads to the absurd result that the employer paid and the insurance carrier received a premium based upon the estimated wage of those engaged in corn shredding, but neither the employer nor the carrier intended that the payment of such premium should impose any liability upon the carrier in case any member of the shredding crew should be injured in the course of his employment.

The fact that the employee was injured while engaged in operating the corn shredder on the farm of his employer does not affect appellant's right to recover compensation. Liability to pay compensation is determined by the intent clearly shown by the terms of the policy, not by the place of employment.

The *Industrial Commission* was in error in dismissing the application for compensation.    The cause must be remanded to the *Industrial Commission* with directions to award compensation to the appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to render judgment in accordance with this opinion, the appellant to recover costs against defendants *Eighmy* and the *Wisconsin Brotherhood of Threshermen Insurance Company.*