## DANIEL TOLAND'S CASE.

Suffolk. December 9, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Jurisdiction*, Admiralty.

One employed by a dredging company, which is a subscriber under the workmen's compensation act, had not given notice under that act to retain his common law rights. He received an injury arising out of and in the course of his employment while at work "as a stationary engineer on a dredge of the subscriber which was engaged in digging into the land side of the harbor to enlarge the capacity of a dock in Boston Harbor." He had been required by G. L. c. 146, § 49, to have a license as a stationary engineer from this Commonwealth, but was not required by the laws of the United States to have a marine engineer's license. The dredge, while afloat, was without motive power and was either anchored or secured to a wharf by a line while the dock was being dredged. *Held*, that the employee was entitled to compensation under the act, the case not being exclusively within admiralty jurisdiction.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant for injuries received while in the employ of Rendle-Kenney Dredging and Construction Company.

In the Superior Court the case was heard by *Weed*, J. Material facts are stated in the opinion. A decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*J. R. Fuller & J. J. Sullivan,* for the insurer, submitted a brief.

*W. G. Thompson,* (*S. B. Horovitz* with him,) for the claimant.

RUGG, C.J.   The injury arose out of and in the course of the employment while the employee was at work "as a stationary engineer on a dredge of the subscriber which was engaged in digging into the land side of the harbor to enlarge the capacity of a dock in Boston Harbor."   The employee was required by G. L. c. 146, § 49, to have a license as a stationary engineer from this Commonwealth, but was not required by the laws of the United States to have a marine engineer's license.   The evidence shows that the dredge was without motive power and could not move itself.   It had been towed to its place, was afloat, and was either anchored or secured to the wharf by a line while the dock was being dredged.   The employee was engaged on the engine by which the steam shovel for digging out the dock was operated.   The employer had voluntarily accepted the provisions of the workmen's compensation act by insuring under it and becoming a subscriber.   It has been found that "there is full insurance coverage under the provisions of the statute."   The employee has given no notice to retain his common law rights.   The employer and employee have both elected, so far as permissible under the law as to exclusive admiralty jurisdiction, to be bound by the workmen's compensation act.   G. L. c. 152, §§ 1, 21, 22, 24, 26.   That act is not compulsory but elective, both with respect to employers and employees.   *Young* v. *Duncan,* 218 Mass. 346, 349.

The single question for decision is whether in these circumstances the case comes within the workmen's compensation act, or whether it is exclusively within admiralty jurisdiction.   The principles by which this court must be guided were stated in *Gillard's Case,* 244 Mass. 47, 51, 52, in these words: "The words of the workmen's compensation act, now G. L. c. 152, formerly St. 1911, c. 751, are broad enough in their scope to include maritime torts except and so far as jurisdiction of the General Court of Massachusetts in that

particular is excluded by the grant of power to the United States in 'all cases of admiralty and maritime jurisdiction.' U. S. Const., art. 3, § 2; art. 1, § 8. In several instances jurisdiction under the workmen's compensation act over an injury which might have been argued to be maritime in its nature was taken without the point being raised, discussed or thought of. *Gillen's Case*, 215 Mass. 96. *Brightman's Case*, 220 Mass. 17. *McManaman's Case*, 224 Mass. 554. The only significant point in this connection is that by a verbal interpretation of our workmen's compensation act, apart from constitutional considerations, maritime torts are included. *Dorman's Case*, 236 Mass. 583, 584. Although these words are broad enough, as mere matter of grammatical construction, to include strictly maritime torts exclusively within admiralty jurisdiction, yet it is familiar law (to quote the words of Chief Justice Knowlton) that 'a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature.' *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241. *Manchester* v. *Popkin*, 237 Mass. 434, 440. *United States* v. *Standard Brewery, Inc.* 251 U. S. 210, 220. The workmen's compensation act, therefore, must be and is interpreted as intended only to operate upon the classes of employment and injury within the jurisdiction of the General Court. On the other hand the words of the act and its chief aim render the conclusion irresistible that the General Court intended to make the act applicable to all classes of injuries therein described which are within its jurisdiction. 'The statute is as broad as the jurisdiction of the Commonwealth.' *Kinney* v. *Treasurer & Receiver General*, 207 Mass. 368, 369. In none of the cases which have come before us since the decision of *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, have we undertaken to delimit the jurisdiction of the Commonwealth under the workmen's compensation act further than to apply to specific cases the principles of that decision as we understood them. *Duart* v. *Simmons*, 231 Mass. 313; S. C. 236 Mass.

225. *Sterling's Case*, 233 Mass. 485. *Proctor* v. *Dillon*, 235 Mass. 538, 544, 545. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. The language of that act, in view of its beneficent purpose, ought not to be narrowed any further than jurisdictional bounds demand. So far as our own decisions are concerned, we are quite at liberty to extend the workmen's compensation act to any case to which it is applicable under adjudications of the Supreme Court of the United States, and it is our duty so to extend it in order to effectuate the intention of the Legislature." These principles have been followed in our subsequent cases. *Ahern's Case*, 247 Mass. 512. *O'Hara's Case*, 248 Mass. 31.

The only inquiry in these circumstances is whether under the controlling decisions of the Supreme Court of the United States the workmen's compensation act may govern, or whether it is excluded because of the supremacy and exclusiveness of admiralty jurisdiction. The most recent pronouncement of that court pertinent to these facts is *Millers' Indemnity Underwriters* v. *Braud*, 270 U. S. 59. In that case one employed as a diver was injured while he had "submerged himself from a floating barge anchored in the navigable Sabine River thirty-five feet from the bank, for the purpose of sawing off the timbers of an abandoned set of ways, once used for launching ships, which had become an obstruction to navigation." It was said: "This subject was much considered in *Grant Smith-Porter Co.* v. *Rohde*, 257 U. S. 469, 477 — here on certificate — which arose out of injuries suffered by a carpenter while at work upon an uncompleted vessel lying in navigable waters within the State of Oregon. The words of the local statute applied to the employment and prescribed an exclusive remedy. We said the cause was controlled by the principle that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter may be modified or supplemented by state statutes. And we held that under the circumstances disclosed 'regulation of the rights, obligations and consequent liabilities of the parties, as between themselves, by a local rule would not necessarily work material prejudice to any characteristic feature of the general

maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.' Stressing the point that the parties were clearly and consciously within the terms of the statute and did not in fact suppose they were contracting with reference to the general system of maritime law, we alluded to the circumstance, not otherwise of special importance, that each of them had contributed to the industrial accident fund. And answering the certified questions we affirmed that 'the general admiralty jurisdiction extends to a proceeding to recover damages resulting from a tort committed on a vessel in process of construction when lying on navigable waters within a State.' Also, that 'in the circumstances stated the exclusive features of the Oregon Workmen's Compensation Act would apply and abrogate the right to recover damages in an admiralty court which otherwise would exist.' In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state Compensation Act; but the matter is of mere local concern and its regulation by the State will work no material prejudice to any characteristic feature of the general maritime law. The Act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist."

We are unable to distinguish that decision from the case at bar. Following that decision and in accordance with the principles already declared in the *Gillard* case and the *O'Hara* case, we are of opinion that the workmen's compensation act governs the case at bar. It is distinguishable from *Gonsalves* v. *Morse Dry Dock & Repair Co.* 266 U. S. 171, and *Robins Dry Dock & Repair Co.* v. *Dahl*, 266 U. S. 449.

*Decree affirmed.*