HEAL and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*September 12—October 9, 1928.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

The following opinion was filed October 9, 1928:

CROWNHART, J. The defendant Lewis Adams was employed by the plaintiff W. E. Heal to drive a tractor. Heal was engaged in road construction in the summer and in logging operations in the winter. On the day of the accident Adams was directed by his employer to drive a tractor to

plow a lot of less than a half acre for one Long, who operated a pool hall. Long was going to plant the lot to tobacco.

The plaintiff Heal had taken out a compensation insurance policy with the plaintiff Employers Mutual Liability Insurance Company. This brought Heal under the compensation act, pursuant to sub. (3), sec. 102.05, Stats. 1925, which reads as follows:

"Any employer who shall enter into a contract for the insurance of the compensation provided for in sections 102.03 to 102.35, inclusive, or against liability therefor, shall be deemed thereby to have elected to accept the provisions of sections 102.03 to 102.35, and such election shall include farm laborers and domestic servants if such intent is clearly shown by the terms of the policy. Such election shall remain in force until withdrawn in the manner provided in subsection (1) of this section."

Whether or not the policy was broad enough to cover farm laborers under that section is immaterial. Heal was under compensation, and he employed Adams to drive a tractor and not as a farm laborer. Under sub. (1), sec. 102.31, Stats. 1925, it is provided:

"Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of sections 102.03 to 102.34, inclusive, and provisions thereof inconsistent with sections 102.03 to 102.34, inclusive, shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of sections 102.03 to 102.34, inclusive, notwithstanding any agreement of the parties to the contrary unless the industrial commission has theretofore by written order specifically consented to the issuance of a contract of insurance on a part of such liability. . . ."

Under this section the insurance policy covered the employment of Adams. It clearly appears that the employer of

Adams was subject to compensation, and that Adams thereby became subject to compensation when employed as a tractor driver. The insurance carrier became subject to pay the compensation of Adams as such tractor driver unless it secured an order of the Industrial Commission exempting it from such liability, which order it does not appear was secured.

This case is ruled by *Hillman v. Industrial Comm.* 190 Wis. 196, 208 N. W. 928, where it is said:

"Appellant's employer elected to accept the provisions of the workmen's compensation act when he entered into the contract of insurance with the defendant company. Such election brought appellant, a regular member of the shredding crew, under the act even if it be held that he was a farm laborer, at the time of injury, because the intent clearly appears from the terms of the policy to insure the members of the shredding crew. Sub. (3), sec. 102.05, Stats. . . .

"The fact that the employee was injured while engaged in operating the corn shredder on the farm of his employer does not affect appellant's right to recover compensation. Liability to pay compensation is determined by the intent clearly shown by the terms of the policy, not by the place of employment."

It is unnecessary to consider the other issues involved.

*By the Court.*—The judgment of the circuit court is reversed, with directions to affirm the award of the Industrial Commission.

A motion for a rehearing was denied, without costs, on December 4, 1928.