(No. 21423.—

J. E. EDMONDS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CAROLINE STAGE, Defendant in Error.)

*Opinion filed October 22, 1932.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, CLAUD D. RABER, and E. DOUGLAS SCHWANTES, of counsel,) for plaintiff in error.

WILLIAM McKINLEY, PAUL E. PRICE, and LOUIS DENNEN, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

This court awarded a writ of error to review a judgment of the superior court of Cook county affirming an award of the Industrial Commission in favor of Mrs. Caroline Stage, against the plaintiff in error, J. E. Edmonds, under the Workmen's Compensation act.

The accident from which the injuries resulted occurred on January 10, 1931. For almost two years prior to that date Mrs. Stage had been employed by Edmonds as a maid in his home at LaGrange. She had a room on the third floor of the residence and made her home there. She was allowed Saturdays off, excepting that she cooked breakfast. She was also permitted to work for other persons, consisting principally of caring for children during the evening, and kept the extra money earned in that manner. On the evening of her injury an arrangement had been made for her to take care of some children at another home and Edmonds' daughter had agreed to drive her over to this place. While getting ready to leave the Edmonds home she fell down the stairs leading from the third to the second floor, suffering a painful injury to her back. At the time of the accident Edmonds was carrying compensation insurance on his household servants and employees.

While the maintenance of a home or residence occupied by its owner is under ordinary conditions not such an enterprise or business as brings its owner under the provisions of the Workmen's Compensation act, yet in this case the parties are under the act because Edmonds had insured his liability to pay compensation with a company authorized

to do such insurance business in this State. Under the provisions of section 1 of the act (Smith's Stat. 1931, chap. 48, par. 138,) this insuring of his liability to pay compensation under the act was tantamount to an election to be bound under the act as an employer. But the act does not apply to every accident or injury which may happen to an employee. The accidental injury contemplated must both arise out of and in the course of the employment. (*Becker Roofing Co.* v. *Industrial Com.* 333 Ill. 340; *Dietzen Co.* v. *Industrial Board,* 279 id. 11.) The accident in this case occurred on a Saturday evening, when Mrs. Stage was off duty and was preparing to go out and work for someone else. It therefore did not occur within the period of the employment but rather at a time expressly exempted from the period of her employment. It is true that she was injured at the home of her employer, but this was also her home. The evidence shows that at the time of her injury she was not engaged in any work which was even remotely connected with her employment by Edmonds. Employees are not in the course of their employment, even though they may be in the general area of it, if they are not engaged in the particular duties for which they were employed or in some work incidental thereto. (*Board of Education* v. *Industrial Com.* 321 Ill. 23; *Danville, Urbana and Champaign Railway Co.* v. *Industrial Com.* 307 id. 142; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329.) The fact that Mrs. Stage was in the home of Edmonds at the time she sustained her injury does not alter the fact that she was then off duty and was in the act of leaving his home under an engagement of her services for hire at another place. The accident, therefore, did not arise out of and in the course of her employment.

The judgment of the superior court is therefore reversed.

*Judgment reversed.*