EATON *v.* JOE N. MILES & SONS, et al.

No. 41468          April 11, 1960          119 So. 2d 359

*Morse & Morse,* Poplarville, for appellant.

*M. M. Roberts,* Hattiesburg, for appellees.

LEE, J.

The attorney-referee, after a hearing, dismissed the claim of James Eaton against Joe N. Miles & Sons for workmen's compensation benefits. Thereafter, both the Commission and the circuit court, on his appeal, affirmed that action; and he has appealed to this Court.

The claimant had been working for the partnership, composed of Joe N., J. P., and Leroy Miles, doing business as Joe N. Miles & Sons, on their farm "off and on" for two or three weeks. On September 2, 1955, he was engaged in "combining some seed." The combine was being towed by a tractor. The knives became clogged with grass, and, as he stopped to unchoke it, his knee twisted and he fell. He was carried to the hospital and underwent treatment and also surgery. Thereafter, he returned to work on the farm and was there engaged for four or five months. Before the injury, he earned about $30 a week, and after the injury, about $25 a week. He claimed that he had sustained permanent damage to his leg.

Clearly the claimant was doing farm labor at the time of his injury and was not engaged in commercial processing of agricultural products.

The defense to the claim was based on the defendants' exemption under Section 6998-03, Code of 1942, Recompiled. On the other hand, it was the claimant's contention that, although the defendants were exempt, they elected to come under the Workmen's Compensation Act; that they could not withdraw from it as the Act provides no method for that purpose; but that, if they could come from under the Act, there was no withdrawal in this instance; and that the Insurance Department did not consent to the issuance of a policy on the part of the liability of the Miles.

The applicable parts of Section 6998-03, supra, are as follows:

"Domestic servants, farmers and farm labor are not included under the provisions of this act, but this exemption does not apply to the processing of agricultural products when carried on commercially.

"Employers exempted by this section may come within the act by insuring, posting notice on their premises, and notifying the Workmen's Compensation Commission that they have accepted the provisions of the law."

The partnership owned both a farm and a sawmill. According to the evidence, when the defendants purchased their farm in 1951, they "covered the men on it * *. * with workmen's compensation." They took out a policy to that effect with Liberty Mutual Insurance Company, which covered the farm employees; and this company paid a compensation claim of Herman Eaton in March 1952 for an alleged injury to his back while driving a tractor on the farm.

Although the partnership at that time had a policy to insure their employees on the farm, there was no proof either that they posted notice to that effect on their premises or that they notified the Workmen's Compensation Commission that they had accepted the provisions of the Act.

There was uncertainty as to when the partnership discontinued their insurance on its farm employees. However, during the years of 1954 and 1955 they did not carry workmen's compensation insurance on their farm operations. Their policy with United States Fidelity & Guaranty Company for the period from September 15, 1954 to September 15, 1955—at the time the claimant was injured—contained an express exclusion as follows: "Farming operations exempted by the Mississippi Workmen's Compensation Act not covered hereunder." Workmen's compensation was not contemplated under the reports to the insurance company, and the farm workers were not covered for such benefits. Besides no premium on the farm wages was paid to the insurance company for that purpose. In addition, there was no proof that the claimant, at any time or in any manner, was led to believe that he would receive benefits under the Workmen's Compensation Law in event that he should sustain an injury arising out of or in the course of his employment.

The appellant has cited Comerford v. Carr, 284 P. 121, a Colorado case; Great Northern Railway Company v. King, 161 N. W. 371, a Wisconsin case; Margoles v.

Saxe, 254 N. W. 457, a Minnesota case; and John Hancock Mutual Life Insurance Company v. Lieb, 165 Atl. 720, as affirmed in 172 Atl. 566, a New Jersey case. These cases are of little value on the question now before the Court for the following reasons:

In the first case, Comerford, who was in the rendering business, at many times before the accident there involved, had more than four employees—the number required to put the Workmen's Compensation Law into effect. But, at the time of this particular injury, he had less than four employees. The court said that, when he had four employees at work, he automatically became subject to the act; that he did not withdraw from the provisions of the act; and that, at the time of the accident, he was therefore subject to the provisions of the act.

In the second case, the company was deemed to have accepted the Workmen's Compensation Law unless on or before September 1, 1913, it filed with the Commission notice of its election not to accept the same. The company prepared its notice to that effect on August 30, 1913, but did not mail the same until September 2, and the Commission did not receive it until September 3, 1913. Hence, the court held that the rejection came too late, and that the instrument could not be construed as a withdrawal.

In the third case, Saxe, after buying a farm, filed with the Commission his election to come under the Workmen's Compensation Act. He posted notice thereof and took out insurance. When Margoles was hired, he was informed that help on the farm was under the Compensation Act. In order to get from under the Act, Saxe would have been required to give his employees thirty days written notice and file a copy thereof with the Commission. There was no pretense that he attempted to terminte his status as an employer under the Act. On the contrary, he had procured insurance in compliance with the Act. Consequently he was held to be liable.

In the fourth case, the insurance company had tacitly accepted the provisions of the Workmen's Compensation Act. Subsequently it concluded to discontinue its responsibility, and undertook to give notice of its withdrawal, as provided by the statute. But the court held that the notice, as given, was not in compliance with the law.

More nearly in point is the case of Keeney v. Beasman, 182 Atl. 566, in which the Court of Appeals construed Section 33, Article 101, Code of Maryland (1929 Supp.), whereby an employer and his employees could make the Workmen's Compensation Act effective as to farm labor, (1) if they jointly elected to accept the statute, and (2) filed such joint election with the Commission, and (3) the Commission approved the same. Beasman had taken out a policy of insurance covering employees engaged in farm labor on the farm "in compliance with" the Workmen's Compensation Law, and the carrier had notified the Commission of the insurance that it had issued. The claimant, in his effort to obtain workmen's compensation benefits, argued that these circumstances were evidence to show an election to accept the statute. But the court said that it was an equally reasonable inference "that the insurance was procured not for the purpose of electing to accept the statute, but as a precaution to protect the employer in case it should be judicially determined that he was not engaged in an agricultural pursuit * * *"

Clearly the appellees, under Section 6998-03, supra, were exempt, insofar as their farm labor was concerned, from the Workmen's Compensation Act. Wilkins v. Wood, 229 Miss. 553, 91 So. 2d 560.

The heart of the present inquiry is whether the appellees, although exempt by law, came under the Act.

Since the statute with reference to coming within the Act was not strictly complied with, and the only thing which the appellee did was to purchase an insurance policy for a year or two, it can, with much reason, be

inferred, as was said in Keeney v. Beasman, supra, that the insurance was procured not for the purpose of electing to accept the statute, but as a precaution to protect the appellees in case it should be judicially determined that they were not engaged in an agricultural pursuit.

■■ There seems to be no provision in the Act expressly providing for a withdrawal. If exemptions are to be surrendered, the intention of the exemptionist must be reasonably clear and certain. ■■ The Court is unwilling to say that the appellees merely from taking out insurance at the time of the purchase of the farm, thereby lost their right of exemption from the provisions of the Workmen's Compensation Act.

Since there was no evidence that the appellees complied with the other two requisites of the statute, namely, the posting of notice on their premises, and notification to the Workmen's Compensation Commission of their election to come under the Act, the Court declines to hold that they surrendered their exemption and were liable for benefits to their farm employees under the Act.

The Court having held that the appellees, at the time of claimant's injury, were not under the Workmen's Compensation Act, it is obvious that Section 6998-39, Code of 1942, Recompiled, with reference to the force and effect of insurance provided for under the Act, has no application.

From which it follows that the judgment of dismissal must be affirmed.

Affirmed.

*McGehee, C. J.*, and *Kyle, Holmes* and *Ethridge, JJ.*, concur.