State Ex Rel. Patterson, Atty. Gen. *v.* Board of Supervisors of Warren County, Mississippi, et al.

No. 41628 October 24, 1960 123 So. 2d 695

*Joe T. Patterson,* Attorney General, *Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Dent, Ward, Martin & Terry,* Vicksburg, for appellant.

*Teller, Biedenharn & Rogers,* Vicksburg, for appellees.

PER CURRIAM.

This case was formerly before this Court and was decided on April 21, 1958. The opinion in that case appears in 233 Miss. 240, 102 So. 2d 198.

On remand to the lower court another decision was rendered in favor of the appellees, from which comes this appeal.

A majority of the Court are of the opinion that everything now involved in the case was decided on the

former appeal and have decided to adhere to the above mentioned opinion in 233 Miss. 240, 102 So. 2d 198. For that reason the judgment of the lower court will have to be reversed and a judgment entered here in favor of the appellant.

Formerly Hall and Holmes, JJ., dissented and neither of them sees any reason to change the opinion there expressed, and five of the Judges adhere to their former opinion, and McElroy, J., agrees with them. McGehee, C.J., took no part.

Reversed and judgment here for appellant.

All Justices concur except *Hall* and *Holmes, JJ.,* who dissent, and *McGehee, C.J.,* took no part.

## ON MOTION TO CORRECT JUDGMENT

Hall P. J.

The last opinion in this case is reported in 123 So. 2d 695 and in entering the judgment the case seems to be fully covered but it also contains a direction that all funds received from the operation of the Vicksburg Bridge shall be expended in strict accordance with Chapter 283 of the Laws of 1938 and Chapter 422 of the Laws of 1948 of the State of Mississippi, as said statutes have been interpreted by this Court in its opinion rendered in this cause on April 21, 1958.

The appellees have filed a motion to eliminate said provisions from the judgment of the Court and we are of the opinion that the motion should be sustained.

This is a mandamus suit and we think that said provision in the final judgment is entirely too broad and too far-reaching and that the judgment should be amended so as to eliminate said provision from the judgment. The main purpose of this suit was to transfer any funds now on hand in or hereafter received or paid into the "adequate return fund" into the "replacement and improvement fund". The direction in the judgment that

all funds received from the operation of the Vicksburg Bridge shall be expended in strict accordance with Chapter 283 of the Laws of 1938 and Chapter 422 of the Laws of 1948 as said statutes have been interpreted by this Court is entirely too broad and does not definitely direct or order anything in particular. In 34 Am. Jur., "Mandamus", Sec. 68, it is said: "While, in matters involving official discretion, mandamus may be resorted to for the purpose of compelling the exercise thereof, the use of the writ will not ordinarily be extended beyond that, so as to interfere with the manner in which the discretion shall be exercised or to influence or coerce a particular determination. As generally stated, writs of mandamus will not issue to control the exercise of official discretion or judgment or to alter or review action taken in the proper exercise of such discretion or judgment, for the writ cannot be used as a writ of error or other mode of direct review. With respect to duties that are not peremptory, the officer must be left free to decide whether he will perform the act demanded or secure by appropriate procedure a judicial determination of the extent of his duty. In such cases, where, as to the facts, there exists any admissible doubt or reasonable men might conscientiously differ with respect thereto, the courts have with practical unanimity declined to interfere by mandamus, and whenever an element of discretion enters into the duty to be performed, the functions of mandatory authority are shorn of their customary potency and become powerless to dictate terms to that discretion."

Then in 34 Am. Jur., "Mandamus", Sec. 74, p. 864, it is said: "The proper function of a writ of mandamus is to compel the doing of a specific thing, something which can be neither diminished nor subdivided. It contemplates the necessity of indicating the precise thing to be done, and so is not an appropriate remedy for the enforcement of duties generally, or to control and regulate a general course of official conduct for a long

series of continuous acts to be performed under varying conditions. It is plain that where the court is asked to require the defendant to adopt a course of official action, although it is a course required by statute and imposed upon the official by law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in numerous instances whether he has, to the extent of his power, carried out the mandate of the court. It would in effect render the court a supervising and managerial body as to the operation and conduct of the activity to which the writ pertains, and so keep the case open for an indefinite time to superintend the continuous performance of the duties by the respondent.''

Also in 34 Am. Jur., ''Mandamus'', Sec. 79, p. 868, it is said: ''Mandamus is used to compel the performance of a present existing duty as to which there has been an actual default, and it is not granted to take effect prospectively. The writ, that is, will not ordinarily be awarded to compel the performance of an act unless the act is one which is actually due from the respondent at the time of the application.''

 ██ The command in the judgment to expend all funds received from the operation of the bridge in strict accordance with Chapter 283 of the Laws of 1938 and Chapter 422 of the Laws of 1948 as said statutes have been interpreted by this Court is entirely too broad and is not within the purview of a suit for mandamus and the motion will therefore be sustained so as to eliminate said provision from the final judgment.

All costs of this Court and in the court below are hereby taxed against Warren County, Mississippi, and against the Vicksburg Bridge Commission of Warren County, Mississippi.

Motion to correct judgment sustained.

All Justices concur except *McGehee, C. J.,* who took no part.