PEARSON *v.* CITY OF GREENVILLE

No. 42135          January 22, 1962          136 So. 2d 616

*Fountain D. Dawson,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellees.

Etheridge, J.

The question here is whether a municipality, exempted from coverage under the Workmen's Compensation Act

unless it takes certain steps to come under it, is liable for compensation benefits to an employee working in the city limits. The claimed basis for coverage is that, under authority of a special statute, the city operated a river bridge seven miles from its corporate boundaries, and purchased a workmen's compensation insurance policy to cover specifically employees working at the bridge. We hold that this fact did not constitute a waiver of the city exemption or an election to come under the act as to general municipal employees.

Appellant, Elbert Pearson, was employed by appellee, City of Greenville, Miss., in its garbage collection department. He worked wholly within the city limits, and while so doing allegedly received on February 18, 1959, an accidental injury arising out of and in the course of employment. He filed with the Workmen's Compensation Commission a claim for compensation benefits.

Appellee moved to dismiss the claim, because it was exempted under Sec. 3, being Miss. Code 1942, Rec., Sec. 6998-03. That statute exempts state agencies and subdivisions from its coverage, but allows them to elect to come within it: "Employers exempted by this section may come within the act by insuring, posting notice on their premises, and notifying the Workmen's Compensation Commission that they have accepted the provisions of the law." Appellees' motion to dismiss averred that it had never accepted the provisions of the act or made such election.

Approximately seven miles southwest of the corporate limits of Greenville is the Greenville-Lake Village Bridge over the Mississippi River. Under special statutory authority, the city owns and operates this bridge. All operations and duties in connection with it are performed at the site of the bridge. Miss. Laws 1938, Ch. 283; Miss. Laws 1938, Extraordinary Session, Chs. 72, 75. The motion to dismiss averred that Pearson worked in the sanitation department wholly within the corporate

boundaries of Greenville, and was in no way connected with the bridge operation; and that the city had not elected to come within the act, except it had taken out a compensation insurance policy restricted solely to employees working on and having duties in connection with the bridge.

There was a hearing on this motion to dismiss. The City has not elected to come within the act as to its employees working in the city. No signs have been posted on city property of an election, and no notice given to the Commission. The compensation insurance policy purchased by the city covers only the "specific operation of Greenville-Lake Village Bridge over the Mississippi River." Premiums are based upon the payroll for the few employees on the bridge operation. Since 1950, Greenville has purchased insurance to this limited extent. Apparently the operating engineers of the bridge and the bondholders required such specific insurance on bridge employees.

The attorney-referee found that claimant had never been an employee at the bridge; that no election as required by Sec. 3 was ever made by the City, and therefore Pearson was not covered. The Commission adopted this decision, and the circuit court affirmed its order.

██ █ The City of Greenville is exempt from compulsory coverage under the act, and it has made no election voluntarily to come within it. The evidence is uncontradicted to this effect. However, appellant asserts that Sec. 33 (a) has the effect of extending coverage to all employees of the city. Code Sec. 6998-39. It provides: "Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with the act shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of

the act, notwithstanding any agreement of the parties to the contrary unless the insurance department has theretofore by written order specifically consented to the issuance of a policy on a part of such liability. . . .''

We do not think that the specific coverage of bridge employees, required by the bridge engineers and bondholders, had the effect of constituting an election by the city to waive its exemption from the Workmen's Compensation Act. Sec. 3 prescribes specific steps to be taken by a municipality to come under the statute. The notice given to the Commission by the insurance carrier of the compensation insurance policy purchased for the bridge operation specifically states under "Locations Covered" that it is confined to operation of the bridge. It was not given by the City. With reference to general municipal employees, within the corporate limits, the governing body of appellee has not taken any action of election to adopt the act, has not posted any such notice on the premises, or notified the Commission that the City accepts the provisions of the law.

Sec. 3 deals with the coverage and exemptions from coverage. Sec. 33 pertains to the terms of the insurance contract. Such compensation insurance, by that provision, is construed to grant full coverage of all liability "under and according to the provisions of the Act." Insurance policies "shall be deemed to be made subject to the provisions of this Act." Hence Sec. 33 renders *in pari materia* the exemption clause of Sec. 3. It does not change the requisites for a voluntary election of coverage. Those requirements must still be met.

Moreover, the bridge operation of the City, in addition to being seven miles from the corporate limits, is an entirely separate and distinct function, specifically authorized by statute, and not directly related to municipal functions in the corporate limits. The purchase of compensation insurance for bridge employees, required by the bridge engineers and bondholders, and specifically

limited to the bridge, is not the equivalent of an affirmative election by the City under Sec. 3 to come within the act as to municipal employees in the corporate limits. There appear to be no cases similar to the instant one, but this interpretation is, we think, in accord with the apparent legislative intent. Sections 3 and 33 are consistent with that purpose, and both of them are fully operative within that meaning. Coverage and insurance in this context are separate and are dealt with, respectively, in Secs. 3 and 33. Cf. State, ex rel Patterson, Atty. Gen. v. Bd. of Supervisors of Warren County, Mississippi, 233 Miss. 240, 102 So. 2d 198 (1958); ibid., 239 Miss. 671, 125 So. 2d 91 (1960) (operation of Vicksburg Bridge by Warren County, use of bridge revenues.)

Pertinent to this interpretation of exemption from compensation coverage is Eaton v. Joe N. Miles and Sons, 238 Miss. 605, 119 So. 2d 359 (1960). When defendants purchased their farm in 1951 they obtained compensation insurance for farm laborers, but subsequently discontinued it. They did not post notice of an election to come under the act, and gave no notice to the Commission. Defendants also operated a sawmill, and upon those employees they had compensation coverage. Claimant was injured while working on the farm. He argued that Sec. 33 had the effect of extending that insurance to him. The Court rejected this contention, since appellees had not elected to bring exempted farm laborers under the act. It was said that Sec. 33 has reference ''to the force and effect of insurance provided for under the Act, (and) has no application.'' The Court noted the requisites for election of coverage were not complied with. It declined to hold that appellees surrendered their exemption. For this result, ''the intention of the exemptionist must be reasonably clear and certain.'' See also Wilkins v. Wood, 229 Miss. 553, 91 So. 2d 560 (1956).

In summary, the City did not elect to come within the act for employees working within its corporate limits. It obtained compensation insurance specifically and solely for bridge employees seven miles away, as required. This circumstance does not constitute a waiver by the City of its exemption, or an election to accept the act as to general municipal employees.

Affirmed.

*McGehee, C. J.* and *Kyle, Gillespie* and *Jones, JJ.,* concur.