REGINA ROE, appellee, v. C. L. ROE, employer, and AMERICAN SURETY COMPANY, insurance carrier, appellants.

No. 52260.

NOVEMBER 15, 1966.

REHEARING DENIED JANUARY 9, 1967.

Shull, Marshall, Mayne, Marks & Vizintos and Gleysteen, Nelson, Harper, Kunze & Eidsmoe, both of Sioux City, for appellants.

Crary & Huff, of Sioux City, for appellee.

MOORE, J.—This is an appeal by employer and insurance carrier from trial court's judgment sustaining industrial commissioner's allowance of workmen's compensation benefits to widow of John Roe, a farm laborer, who died September 9, 1963, as a result of injuries received August 30, 1963, when a steam cleaning machine, which he was using to clean a hog house, exploded. These and all facts are not disputed and were settled by stipulation, including:

"8.  It is further stipulated and agreed that C. L. Roe had

not on August 31, 1963, or at any other time prior thereto, filed an application with the Iowa Industrial Commissioner to bring his agricultural employees under the Workmen's Compensation Act, * * *.

"9. It is stipulated and agreed that at all times material herein the alleged employer, Clyde Roe, C. L. Roe, had a standard workmen's compensation and employers' liability policy in the American Surety Company of New York, being Policy No. WC 52882014, covering the period of November 17, 1962, to November 17, 1963, and that said policy, under Classification of Operations, list 'Farms—all employees other than inservants —including drivers'.

"10. It is further stipulated and agreed that on December 20, 1963, the American Surety Company of New York submitted a payroll audit to C. L. Roe, showing additional premium of $343.66 which C. L. Roe paid."

Section 85.1, Code 1962, provides: "To whom not applicable. This chapter shall not apply to: * * *

"3. Persons engaged in agriculture, insofar as injuries shall be incurred by employees while engaged in agricultural pursuits or any operations immediately connected therewith, whether on or off the premises of the employer, except that employers engaged solely in agriculture, and employers engaged in agriculture and also engaged in any other trade or business not excluded by the provisions of this section, may, by serving notice thereof upon the industrial commissioner by certified United States mail, elect to provide, secure, and pay workmen's compensation in the manner as by this chapter provided for all personal injuries sustained, arising out of and in the course of the employment. Upon such an election the employee, except as otherwise provided by this chapter, shall accept compensation in the manner provided by this chapter and the employer shall be relieved from other liability for recovery of damages, or other compensation for such injury. * * *."

Under the provisions of Code sections 85.7, 85.8 and 85.9 an employee may reject the provisions of chapter 85 and retain his common-law remedies. Otherwise as provided in section

85.1(3) the employee is limited to the benefits of the Workmen's Compensation Act.

No claim is made that John Roe or the industrial commissioner knew of the insurance carried by the employer, C. L. Roe, with American Surety Company. He had not served notice on the industrial commissioner by certified United States mail of any election to have his employees engaged in agriculture included under the Workmen's Compensation Act. He had other employees which he was required to insure under its provisions and did so under the policy.

The sole issue presented on this appeal is whether the employer by purchasing workmen's compensation coverage for his farm labor employees, including decedent, removed them from the excluded group.

The problem presented is new to this court. It has, however, been considered in other jurisdictions under similar statutes and various sets of facts.

In 99 C. J. S., Workmen's Compensation, section 122 states:

"The employer's election to come within a compensation act or his election to bring employees within the act who would otherwise be excluded must be indicated in the manner prescribed by the act, and if the employer does not manifest his election in accordance with the statute he is not covered even though he intended to be, and believed he was, covered. * * *

"While it has been held that the employer may elect to accept the provisions of the act by insuring under it and becoming a subscriber, it has also been held that the taking out of insurance is not such an election as is required. The act of an employer in procuring compensation insurance has been held insufficient to bring an employment within the compensation law on the theory of voluntary election, where the inference was equally as reasonable that the employer had procured the policy as a measure of precaution to protect himself against any liability to which he might be subject under a workmen's compensation act as that he procured it for the purpose of accepting the act."

The only cases cited by the editor under the first statement of the last above quote are, Toland's Case, 258 Mass. 470, 155

N.E. 602; Miller v. Aetna Life Ins. Co., 101 Mont. 212, 53 P.2d 704, and Garrison v. Bonfield, 57 N. M. 533, 260 P.2d 718. In Toland in addition to the employer taking out insurance the record discloses both the employer and employee had elected to be bound by the Workmen's Compensation Act. In Miller the act provided election was to be filed with the compensation board and the employer filed his insurance policy with the board. The Montana court held this was sufficient compliance with the statute. In Garrison the statute required the employer to file a statement with the clerk of the district court of his election to come under the Workmen's Compensation Act. The employer filed with the clerk only his policy but no statement. The employer advised the employee he was covered by workmen's compensation. The New Mexico court held the employer was estopped to deny coverage. These three cases are readily distinguishable on the facts from the case at bar.

In the annotation 103 A. L. R. 1523, entitled "Workmen's compensation: employer taking out insurance covering employees not otherwise within act as an election to accept the act.", the editor states: "There is some conflict of authority as to whether the act of an employer in taking out insurance covering employees not otherwise within the Workmen's Compensation Act amounts to an election to accept the act."

Appellee relies on the three cases cited in the annotation as authority that taking out insurance amounted to an election to bring employees not otherwise within the act within its operation. In Hillman v. Eighmy, 190 Wis. 196, 208 N.W. 928, it was held an employer elected to accept the provisions of the Workmen's Compensation Act when he entered into a contract of insurance expressly covering "corn shredders". The employee was so engaged when injured.

In Heal v. Adams, 197 Wis. 95, 221 N.W. 389, it was held an employer by taking out a compensation policy brought himself within the compensation act and pointed out the provision in the Wisconsin act that taking out compensation insurance would be deemed an election to accept the provisions of the act.

The express provisions of the Wisconsin act are entirely different from the provisions of section 85.1(3) of our 1962

Code. We must note here the Sixty-first General Assembly by chapter 104, section 3, amended Code section 85.1 and provided the taking out of insurance amounts to an election to bring exempt employees under the Workmen's Compensation Act. See section 85.1(5), Code 1966. But this amendment was passed after decedent's death and has no application here. It is our duty to apply the statute as it existed at the time of John Roe's injury.

The third case on which appellee relies, Edmonds v. Industrial Commission, 350 Ill. 197, 183 N.E. 12, denies compensation to a maid, injured in her employer's home, on the ground she was off duty at the time of her injury. It states that under the provisions of the Illinois act insuring the employer's liability to pay compensation was tantamount to an election to be bound under the act. From what seems to be dictum, apparently the act required no more for an election. The difference in the statute distinguishes Edmonds from the case at bar.

We now discuss some of the authorities which consider whether taking out compensation insurance only amounts to an election when the applicable statute provides some other method for bringing employees within the act who would otherwise be excluded.

In Keeney v. Beasman, 169 Md. 582, 182 A.566, 103 A. L. R. 1515, an employee died as a result of injuries received while working on his employer's farm. The Maryland law required the employee and employer to file a joint election to secure compensation coverage. No election had been filed but the employer had purchased a compensation policy which would have covered the deceased had the election been made.

In holding a valid election had not been made the court at page 593, 169 Md., at 572, 182 A., said:

"The mere fact that the employer procured the insurance cannot therefore be accepted as an implied election. The legislative intent was clearly to require a definite and specific election, not necessarily in any particular form, but nevertheless in writing and plain enough to manifest an unmistakable intention of accepting the statute. * * *.

"The Legislature has expressly prescribed the conditions

essential to an acceptance of the statute. No one of those conditions has been performed in this case, and it is not for this court to substitute for those conditions other and different ones. The expropriation of private property to satisfy a claim for which there is no legal basis or justification, merely to gratify a humane or benevolent impulse, would be an extremely dangerous abuse of judicial power. And, while it is a settled rule of statutory construction that statutes are to be construed liberally to carry out the legislative intent, they may not be misconstrued to accomplish what the courts may believe the Legislature should have done but failed to do."

In Fields v. General Casualty Co. of America, 216 La. 940, 45 So.2d 85, an employee in a seed store claimed workmen's compensation for injuries received while on his job. The Louisiana law covered only those in a hazardous occupation unless the employer and employee agreed in writing to cover a nonhazardous job. No such agreement had been signed but the employer had a policy which would have covered claimant if under the act. The claimant argued taking out the policy constituted an election. The court affirmed denial of his claim. At page 948, 216 La., page 88, 45 So.2d, it is said: "The fact that the employer took out a policy of compensation insurance for her own protection (and presumably also for her employee) cannot be converted into an agreement by implication. Plaintiff was not a party thereto and was not bound thereby. If he had been injured as a result of the negligence of his employer, no court would refuse him damages, Article 2315, C. C., because his employer saw fit to take out compensation insurance."

In Rugg v. Norwich Hospital Assn., 205 App. Div. 174, 199 N Y. S. 735, claimant was employed by a charitable institution and not covered by compensation benefits unless there was an election by the employer and employee to be covered. The employer had taken out insurance which would have covered claimant if an election had been made. In rejecting claimant's argument this constituted an election, the court reversed the state industrial board's award and at page 176, 205 App. Div.,

page 737, 199 N. Y. S., says: "(T)he taking out of insurance is not such an election as is required."

In Cody v. Combs, 302 Ky. 596, 194 S.W.2d 525, a mine operator before opening his mine purchased a workmen's compensation policy. He asked the insurance agent what he had to do to show the men were protected and was advised to do nothing but make his payments. Under the Kentucky law employee had to sign a register to elect coverage. The employer never made a register available and the injured employee had never signed a register. In affirming the workmen's compensation board's dismissal of the widow's claim the court states at page 599, 302 Ky., page 527, 194 S.W.2d: "These statutes apply only where both the employer and employee have accepted the provisions of the Workmen's Compensation Act in the manner prescribed by the Act. Otherwise, the Workmen's Compensation Board is without jurisdiction to entertain the case and enter an award [citations]."

The Kentucky court further points out the insurance company could be held only when the provisions of the act under which the policy was issued had been complied with. This is likewise true in the case at bar. Appellee does not argue otherwise. In other words, the insurance company here only agreed under its policy to pay valid workmen's compensation claims. See also Davis v. W. T. Grant Co., 88 N. H. 204, 185 A. 889, and Carter v. Associated Petroleum Carriers, 235 S. C. 80, 110 S.E.2d 8, which hold an insurer is liable only to those under the act.

Eaton v. Joe N. Miles & Sons, 238 Miss. 605, 119 So.2d 359, holds taking out insurance by an employer is not an election under the statute which also requires the employer to post notice and notify the workmen's compensation commission of his election to accept the provisions of the compensation law.

■ We conclude the applicable authorities in the absence of estoppel require substantial compliance with the statutory requirements to bring an otherwise exempt occupation under workmen's compensation coverage.

■ Section 85.1(3), Code 1962, specifically provides an employer of those engaged in agriculture give notice of his election

to the industrial commissioner by certified United States mail. Notwithstanding our well settled rule the workmen's compensation law is to be liberally construed in favor of the employee (Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 219, 122 N.W.2d 270, 277; Crees v. Sheldahl Telephone Co., 258 Iowa 292, 297, 139 N.W.2d 190, 193) we hold taking out insurance only was not substantial compliance with the then existing statute. We must take the statute according to what it clearly provides and not what might have been said by the legislature.

■ Appellee neither before the commissioner, the trial court nor here asserted estoppel. This is understandable under the record. Decedent had been on the job three weeks, had no knowledge of the insurance and there is not the slightest indication he relied thereon. See Halvorson v. City of Decorah, 258 Iowa 314, 320, 138 N.W.2d 856, 861, and citations; 28 Am. Jur.2d, Estoppel and Waiver, section 35.

The decision of the industrial commissioner which approved the ruling of his deputy was without jurisdiction and erroneous. The judgment of the trial court was likewise erroneous and must be reversed, and the claim dismissed.—Reversed.

GARFIELD, C. J., and LARSON, STUART and RAWLINGS, JJ., concur.

SNELL, MASON and BECKER, JJ., dissent.

THORNTON, J., not sitting.

SNELL, J.—I respectfully dissent.

The majority opinion says: "The problem presented is new to this court." The opinion then analyzes opinions from other jurisdictions and follows a strict rather than liberal construction of the statute. The majority opinion notes the provisions of chapter 104, Laws of the Sixty-first General Assembly, now a part of section 85.1(5), Code of 1966. Under the law as it now appears the defense interposed here would not be available. The problem before us will probably not recur but we should not in the present case deny relief to the claimant because of a technical delinquency of defendant.

While the problem is new to our court the rules under which it should be resolved are not.

In Haverly v. Union Construction Co., 236 Iowa 278, 282, 18 N.W.2d 629, we said: "* * * the workmen's-compensation statute is to be liberally construed, and where possible evils would result under either of two constructions, that which is to the advantage of the employee must control."

In the case before us there are no equities favoring appellants. The employer bought and paid for coverage under the Workmen's Compensation Act. The insurance carrier collected the premium and assumed the risk. Claimant now asks the protection and benefits of what was bought and paid for. She should not be denied relief because the defendant employer failed to give notice under the statute. Defendants should not prevail because of their own delinquency.

The majority opinion permits the wrong party to raise the defense of no notice. If plaintiff had sued defendant employer at common law and defendant had defended because of workmen's compensation coverage plaintiff could have raised the issue of no notice. For a defendant employer to defend a common-law action because of workmen's compensation coverage he must, of course, show that he has complied with the provisions of the law. If he has not done so the common-law action is not barred. A plaintiff could raise the issue. A plaintiff would not be denied relief or held to alternative relief because of defendants' delinquency.

In the case before us defendant employer and his insurance carrier should not be permitted to defend because of a failure for which defendant is responsible and for which neither decedent nor claimant was responsible.

I think two constructions of the statute are possible. I think evil results from appellants' position. A liberal construction to the advantage of claimant is possible and should be adopted.

I would affirm.

Mason and Becker, JJ., join in this dissent.