(No. 44279.—

HERBERT C. GLESSNER, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Tesola Siler, Appellant.)

*Opinion filed November 24, 1971.*

GLENN C. FOWLKES, of Chicago, for appellant.

DAVIS, DIETCH & RYAN, of Chicago, (ARTHUR F. CICHOWSKI, of counsel,) for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

While working as a domestic in the household of Herbert Glessner, Tesola Siler sustained burns on her hands in the performance of her duties and was granted an award by the arbitrator which was affirmed by decision of the Commission but reversed on *certiorari* by order of the circuit court of Cook County, which held that she was not an "employee" within the meaning of the Workmen's Compensation Act. Ill.Rev.Stat. 1969, ch. 48, par. 138 *et seq.*

The sole issue is whether the Industrial Commission, upon the record before it, properly ruled that she was an employee within the meaning of the Act. Section 138.1(b)2 of the Workmen's Compensation Act defines the term "employee" as used in the Act to mean: " *** Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, and including aliens, and minors who, for the purpose of this Act shall be considered the same

and have the same power to contract, receive payments and give quittances therefor, as adult employees, but not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer unless he is so engaged at the lawful direction or instruction of his employer." Ill.Rev. Stat. 1969, ch. 48, par. 138.1.(b)2.

In *Lamar v. Collins, 252 Ill.App. 238,* where the claimant was employed as a second maid and also did part of the cooking in the home of the respondent, the court, construing this section (then section 5 of the Act, Cahill's Stat. ch. 48, par. 205), held that "Maintaining a home, whether in an apartment or in spacious grounds with separate quarters thereon for the servants employed in administering to the comforts of the family, does not come within the definition of the Workmen's Compensation Act, however liberally construed, as being a part of the trade, business, profession or occupation of the employer. Nor is it an industry." 252 Ill.App. at 246.

In *Edmonds v. Industrial Com., 350 Ill. 197,* petitioner, who was a maid at the home of the respondent, was injured when she fell on the stairs leading from the third floor to the second floor. Respondent was carrying compensation insurance on household servants and employees. The court, in addressing itself to the issue of whether the petitioner was protected under the Act, stated: "While the maintenance of a home or residence occupied by its owner is under ordinary conditions not such an enterprise or business as brings its owner under the provisions of the Workmen's Compensation Act, yet in this case the parties are under the act because Edmonds had insured his liability to pay compensation with a company authorized to do such insurance business in this state." 350 Ill. at 198.

An examination of the applicable statutes in effect at the time of the *Lamar* and *Edmonds* decisions reveal that

these sections are substantially identical to the provision applicable in the instant case. Since the interpretations given in *Lamar* and *Edmonds* regarding the application of this section to the Act have not been modified, changed or otherwise disturbed by legislative action, we hold they are dispositive of the issue here involved.

Inasmuch as the employer did not elect to come under the Act, had no compensation insurance covering his domestic, nor otherwise qualified under the Act, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*