THE BOARD OF EDUCATION OF DISTRICT No. 68, Plaintiff-Appellant, *v.* GREEN VALLEY BUILDERS, INCORPORATED, Defendant-Appellee.

(No. 71-332; ▮▮▮▮▮▮▮▮)

Second District—February 23, 1973.

Eva Schwartzman, of Libertyville, for appellant.

Robert B. Cook, of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The Board of Education of District 68, Lake County, brings this appeal from an order entered August 4, 1971 by the Circuit Court of that county granting the motion of the defendant, Green Valley Builders, Inc., for summary judgment and dismissing its second amended complaint.

The second amended complaint, filed June 20, 1967, alleges that Green Valley was engaged in the business of constructing single family residences within a subdivision in Lake County known as Cooper's Countryside Manor. The complaint further alleges that Green Valley offered to donate a tract of land within the subdivision for school or park purposes and to pay to the Board the sum of $200 for each home constructed within the subdivision to be used to defray the costs of building a new school on the tract donated or furnishing bus service from the subdivision to existing schools. The complaint also states that the Board accepted the offer by holding a referendum on January 21, 1959 wherein the voters of the school district authorized the Board to furnish bus service to the subdivision. The complaint goes on to allege that the Board did, on March 16, 1959, commence to furnish the bus service, although it was not otherwise obligated to do so since the subdivision was within a 1½ mile radius of the school, and has continuously furnished the service since that date. Finally, the complaint states that Green Valley constructed 130 homes within the subdivision but failed and refused to pay the $200 for each home as agreed and asked for judgment in the amount of $26,000. Attached to the complaint and incorporated in it are three

letters wherein, the Board alleges, Green Valley (1) made the offer (by letter dated October 15, 1958); (2) repeated the agreement and sought to include additional conditions (April 1, 1959); and, (3) finally, waived the other conditions and acknowledged full performance by the Board (December 29, 1959).

After its first motion to dismiss was denied, Green Valley filed an answer to the complaint wherein they deny that they ever offered to donate land or monies to the Board and allege that the letters are, at best, evidence of continuing, but ultimately fruitless, negotiations between the parties. As an affirmative defense, Green Valley stated that even if the letter of October 15, 1958 was an offer, the referendum and bus service to the subdivision could not be construed as an acceptance of it. Its motion for summary judgment is based on minutes of a Board meeting held on November 12, 1958, copies of which were filed with the motion and in support of it, which, they assert, clearly indicate that the Board, in fact, rejected the offer of October 15.

In a memorandum of opinion filed by the trial court, it found that "* * * the question of the requirements for bus service were entirely separate and apart from any consideration of the written offer of Green Valley Builders." The court found that there never was a meeting of minds between the parties since the Board never acted on the offer of the builder and, as we have seen, granted summary judgment for the defendant.

■■ Section 57 of the Civil Practice Act provides that a summary judgment should be rendered "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1971, ch. 110, sec. 57(3).) As has frequently been pointed out, a court should construe the pleadings and other documentation strictly against the moving party and liberally in favor of the opponent in determining if summary judgment should be rendered. (*Solone v. Reck*, 32 Ill.App.2d 308, 177 N.E.2d 879.) It is a remedy to be awarded with caution so as not to pre-empt the right to fully present the factual basis for a suit where a material dispute may exist. (*Ruby v. Wayman*, 99 Ill.App.2d 146, 240 N.E.2d 699, 700.) It is with these principles in mind that we have examined the pleadings and attached exhibits in this case.

The letter dated October 15, 1958, is from an attorney representing himself as the attorney of Mr. Ben Cooper and "* * * his subdivision development * * *" to the then attorney for the Board. The letter states that his client offers to convey the tract of land as a designated trustee and that the Board, within 3 years, could elect to accept the land

to be used as the site for a new school. In addition, the letter goes on, the client agrees to deposit with the same trustee $200 for each house upon issuance of a building certificate to be used to help construct a school or defray the costs of bus service to the subdivision. The letter also designated a certain bank in the area to act as trustee.

The letter of April 1, 1959, is from Mr. Ben Cooper, as president of Green Valley, to the Board attorney and was written, so it states, "* * * for the purpose of summarizing and confirming our intentions regarding certain payments of funds to that School District." The letter recites that "In consideration of the rezoning of our land * * * we made certain promises which we are prepared to abide by * * *. It is our express intention, based on certain conditions, to deposit * * *" the $200 for each house with a trustee. The additional conditions contained in this letter related to the dismissal of another lawsuit and the provisions that no other litigation or restraints to the development be instituted.

The letter of December 29, 1959, is also from Mr. Cooper and was sent directly to the Board. It was written "* * * to confirm the understanding arrived at during our meeting on the Eve of December 23, 1959, * * * for the purpose of summarizing and confirming our intentions regarding certain payment of funds to the School District." The letter concludes:

> "In a previous offer for the payments of funds to the School, made in a letter to your attorney, Willis A. Overholzer, dated April 1, 1959, one of the conditions which we attached to our offer was that free bus service be provided to the children in the Subdivision. It is our understanding that this condition is to be complied with due to a referendum vote approving School Bus Service in the District.
>
> Certain other conditions were also provided for. We are hereby withdrawing all of these other conditions and shall make payments to the School, free and clear of any and all conditions, to be used by the School for whatever purposes that the School deems proper and necessary to carry on School functions."

There is nothing in the record to indicate that the Board ever responded in writing to any of these three letters. In its answer, Green Valley alleges that by the nature of the offer, if one was ever made, an affirmative acceptance was required. The minutes of the Board meeting of November 12, 1958, include the following:

> "The letter about the Cooper property from Mr. Nelson, attorney for Mr. Cooper to Mr. Overholser was read and discussed. It was decided that this letter did not agree with the previous verbal

offer made by Mr. Cooper to the Oak Grove School Board. Copy of letter attached."

In its answer to certain interrogatories (also filed with the defendant's motion for summary judgment) the Board admitted that the minutes referred to the letter of October 15.

Although the minutes clearly do not indicate that the Board accepted any offer from Green Valley or its president, neither do they unequivocally indicate that they rejected the proposal. The only comment on the contents of the letter, other than the fact it was "discussed", is that it differed from a previous "offer" from Mr. Cooper.

■■ We cannot conclude, on the basis of the pleadings and attached exhibits in the record before us, that the defendant was entitled to judgment as a matter of law. It is entirely possible that the evidence will show that the referendum and bus service furnished by the Board had nothing to do with the proposals made by the defendant and that the three letters do not refer to a single agreement between the parties but are three separate efforts by the defendant to effectuate an agreement that never succeeded. However, it is clear from an examination of the record that a material dispute as to these factual issues exists. Accordingly, it was improper for the trial court to render judgment before the parties could submit evidence in regard to those issues and the order must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

GUILD, P. J., and T. MORAN, J., concur.