ANN WASHINGTON, Plaintiff-Appellant, *v.* DRAPER AND KRAMER, INCORPORATED *et al.*, Defendants-Appellees—(MATT JACKSON, Individually and d/b/a CALUMET DECORATING SERVICE, Defendant.)

(No. 56599; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇)

First District (5th Division)—May 11, 1973.

Rosenbaum and Rosenbaum, and Irvin Tischer, of Chicago, for appellant.

Glazer and Cohan, of Chicago, for appellees Draper and Kramer, Inc. and 7000 South Shore Drive Hotel.

Torshen, Cohen & Eiger, Ltd., and Garretson & Santora, both of Chicago, for appellees Allen Michaels and Mrs. Allen Michaels.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from orders granting two motions for summary judgment, one on behalf of defendants Draper and Kramer, Incorporated, and 7000 South Shore Drive Hotel, a corporation, and the other on behalf of defendants Allen Michaels and Mrs. Allen Michaels.

It appears that plaintiff had been in the employ of the defendants Michaels as a day worker or maid working three days per week in their rented apartment owned by the Hotel and managed by Draper and Kramer.

An accident occurring elsewhere in the building resulted in water damage to the Michaels' apartment requiring repairs, including paper hanging. On the date of the alleged injury to plaintiff, an employee of the Calumet Decorating Service was hanging paper in the kitchen of the Michaels' apartment. Plaintiff, in a statement included as an exhibit in the Michaels' motion for summary judgment, stated that earlier she had helped the paper hanger move his paper boards in the kitchen and when she returned to look for her misplaced dusting rag, she fell and was injured. She noticed a ball of paste on the floor and as she attempted to avoid the paste she stated that she must have stepped in some more of it causing her to fall. "* * * that's what I stepped in, the paste from the paper hanger." Plaintiff indicated in her statement that Mrs. Michaels was present at the time of her fall and that she was working overtime that day in order to finish her work in another room of the apartment. She apparently was not to do any work in the kitchen that day.

■■■ The Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 57), provides that summary judgment shall be rendered "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment or decree as a matter of law." The purpose of the procedure is thus to render expeditious

judgment on a question of law, but only after first deciding that no genuine issue as to any material fact exists between the parties. (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill.App.2d 260, 265, 222 N.E.2d 168.) In making such determinations, a court should construe the pleadings and other documentation strictly against the moving party and liberally in favor of the opponent. *Board of Education of District No. 68 v. Green Valley Builders, Inc.* (1973), 10 Ill. App.3d 235, 293 N.E.2d 183.

We will first consider the contention of the Michaels which was raised in the trial court but has not been argued in their brief here: that plaintiff's exclusive remedy is under the Workmen's Compensation Act of Illinois. While we might deem this point to have been abandoned, we shall consider it, as it apparently was the sole basis for the trial court's judgment with respect to these defendants.

Our examination of the Act indicates there are two controlling sections: sec. 138.2 which gives an employer the right to elect to come within the provisions and thereby relieve himself of any liability except as provided in the Act and sec. 138.3 which automatically applies the provisions of the Act to all employees engaged in certain listed enterprises and businesses which are declared to be extra hazardous. (Ill. Rev. Stat. 1971, ch. 48, pars. 138.2 and 138.3.) Where an employer does not elect under sec. 138.2 or is engaged in a business not declared to be extra hazardous in sec. 138.3, the Workmen's Compensation Act does not apply. (Vol. 1, Angerstein, Illinois Workmen's Compensation, Rev. Ed. 1952, sec. 41; 37 I.L.P., Workmen's Compensation, 1958, sec. 25, p. 261.) In *Glessner v. Industrial Com.* (1971), 49 Ill.2d 558, 276 N.E.2d 313, it was held that a domestic or household servant was not an employee within the meaning of the Workmen's Compensation Act where the employer did not elect to come under the Act and did not otherwise qualify under the Act. See also vol. 2, Wm. R. Schneider's Workmen's Compensation Law, 3d Ed. 1942, p. 626.

Nothing in the record here or in the briefs indicates any election by defendants Michaels to bring themselves under the Workmen's Compensation Act nor is there any contention that they or the plaintiff were engaged in a business or enterprise declared by the Act to be extra hazardous.

■■ Accordingly, we conclude there has been no showing that plaintiff's remedy was under the Workmen's Compensation Act and we hold that the circuit court was in error in granting summary judgment on this contention.

In their brief here the defendants Michaels have raised additional points not presented or argued in the circuit court. We will examine

first the contention that summary judgment should be sustained on the theory that the plaintiff assumed the risks incidental to her employment.

In *Coselman v. Schleifer* (1968), 97 Ill.App.2d 123, 128, 239 N.E.2d 687, cited by them in support of this position, the court stated, "An employee assumes all of the usual and customary risks of his or her employment." In that case, plaintiff was a domestic servant whose duties included going up and down a basement stairway where she fell. The court held that the risks involved in the use of the stairway were normally incident to her employment.

■■ This question of assumed risk was not raised or argued in the circuit court and, in apparent consequence, no affidavits or depositions were filed as to the usual and customary nature of her work. Therefore, from our examination of the record, we are unable to determine, as a matter of law, that the work of the paper hanger or the condition of the kitchen floor were normally incident to her employment or that the risks she encountered on entering the kitchen were usual and customary risks of her work. Accordingly, we believe that summary judgment cannot be sustained here on this contention.

We turn now to the remaining point raised in Michaels' brief, namely, that summary judgment should be affirmed for the reason that the paper hanger was an independent contractor whose negligence, if any, was not imputable to them.

The plaintiff has not replied to this point, neither was it presented or argued in the lower court by these defendants.

We note that the amended complaint contains no allegation that any negligence of the decorator was imputed to the Michaels. The plaintiff alleges in Count III (the only count pertaining to them, Counts I and II relating only to the other defendants) that she was an invitee on their premises and they breached a duty to provide her with a reasonably safe place to work. The Michaels made a general denial thereto, although admitting plaintiff was their employee, and issues were thereby joined on the questions of whether the Michaels owed or breached any duty which was a proximate cause of plaintiff's alleged injuries.

■■ Summary judgment should not be entered when a genuine issue of material fact has been raised by the pleadings and other supporting papers filed in connection with the motion for summary judgment. In *Ruby v. Wayman* (1968), 99 Ill.App.2d 146, 149, 150, 240 N.E.2d 699, the court said:

> "The principles applicable to a motion for summary judgment * * * are well defined. Summary judgment is a procedure to be encouraged [citation]; however, it is a remedy to be awarded with some caution so as not to preempt the right to a trial by

jury or the right to fully present the factual basis for a case where a material dispute may exist. [Citations.]"

■■ The mere fact that an issue is raised in the pleadings does not of itself give rise to a right of trial. In *Giampa v. Sunbeam Corp.* (1966), 68 Ill.App.2d 425, 216 N.E.2d 233, it was held that the issue must be genuine and bona fide to prevent summary judgment. See also *St. Louis Fire and Marine Insurance Co. v. Garnier* (1960), 24 Ill.App.2d 408, 164 N.E.2d 625, where it was held that summary judgment is not prevented by issues raised in pleadings where other statutorily permissible documents shown no genuine dispute as to material facts. From our examination of the record, we believe there is a genuine dispute as to material facts concerning the issues raised by the alleged breach of duty to provide plaintiff with a reasonably safe place to work and the denial thereof by the Michaels.

Turning now to the contention of plaintiff that the court erred in sustaining the motion of the Hotel and Draper and Kramer for summary judgment, we note plaintiff contends (1) there was a question of fact as to which of the defendants hired the decorator who was the employer of the paper hanger and (2) there was a correlative factual question as to whether the paper hanger was an agent of one or more of these defendants.

We are unable to determine from the record, with any certainty, which of the defendants hired the decorator. We look upon this as a serious defect in the motions of all defendants for summary judgment, motions which, of course, must be strictly construed against the movants. The reason for this failing lies in the fact that without knowing the identity of the second party to the decorating contract, it becomes impossible to ascertain the facts agreed upon by those parties, with the resultant inability to determine the contractual rights of the parties, particularly in regard to the question of whether the decorator was an independent contractor whose negligence might not be imputed to the employer, or an agent whose negligence could be so imputed.

■■ The Hotel and Draper and Kramer contend that the affidavit of the decorator's employee, who actually did the work, and the depositions of the employees of Draper and Kramer, adequately sustain their contention that no one representing those defendants ever instructed, controlled or directed the paper hanger in the manner in which he was to perform his work. Thus, they say, regardless of who may have employed the decorator, he was, in fact and in law, an independent contractor. We cannot agree that these facts, though specifically undenied, go far enough to support this contention of these defendants. Although the question of whether an employer exercised or did not exercise control

or direction should be considered, we believe that an important element in determining the existence of an independent contractor relationship lies in the employer's right to control the manner in which the work is to be performed.

For authorities, we look no further than to the two cases relied on by these defendants in their brief. They are *Ozark Minerals Co. v. Murphy* (1943), 384 Ill. 94, 99, 51 N.E.2d 187, in which the court states:

> "In determining whether a workman is an employee or an independent contractor, *the principal consideration, under the general rule pertaining to an employer and employee, is the right to control the manner of doing the work. Not the actual exercise of the right * * *.*" (Emphasis added.)

And *Henry v. Industrial Com.* (1952), 412 Ill. 279, 283, 106 N.E.2d 185, in which it was said:

> "The right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor."

See also *Murrelle v. Industrial Com.* (1943), 382 Ill. 128, 134, 46 N.E.2d 1007, where the court concluded on this question:

> "*Whether or not that right was exercised is immaterial;* the existence of the right of control, and not its exercise, is the determining factor in deciding whether deceased was an employee or an independent contractor." (Emphasis added.)

Also *Immaculate Conception Church v. Industrial Com.* (1947), 395 Ill. 615, 620, 71 N.E.2d 70:

> "It is also the rule that the fact that the employment is for one job, which requires no supervision, is not conclusive that one is an independent contractor. The most important single factor is the right of the employer to control the manner of doing the work, though not the exercise of that right."

■■ We conclude that defendants' motion for summary judgment is not supported by a sufficient showing on this material point from which it can properly be determined that there exists no genuine issue. In so saying, we by no means indicate that it may not be later supported or provable at trial, but the summary judgments as to all defendants are reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ENGLISH and LORENZ, JJ., concur.