LUKE W. BROOKS, Plaintiff-Appellant, *v.* RORY K. CARTER, Defendant-Appellee.

First District (2nd Division)    No. 80-2991

Opinion filed December 15, 1981.

---

Michael D. Gerstein, of Chicago, for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski and Glen E. Amundsen, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

This is an appeal from an order granting defendant's motion to dismiss on the ground that plaintiff's cause of action was barred by the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 et seq.). The issue presented for review is whether an employee who is accidentally injured between workshifts by a co-employee in a parking lot owned and operated by the employer and provided for the use of employees may maintain a common law action for personal injuries against his co-employee. For the reasons which follow, we affirm the order of the trial court dismissing with prejudice plaintiff's cause of action.

On the date of the accident, December 14, 1979, both plaintiff, Luke W. Brooks, and defendant, Rory K. Carter, were employed by Elkay Manufacturing Company. Between workshifts on that date, defendant's car collided with plaintiff's car in a parking lot owned and operated by Elkay. At the time of the accident, defendant was pulling his car into the parking lot prior to the beginning of his workshift and plaintiff was leaving the parking lot after completing his workshift.

Plaintiff filed a common law action against defendant alleging that defendant's negligent operation of his vehicle caused an accident resulting in personal injuries to plaintiff. In his answer defendant asserted as an affirmative defense that plaintiff's remedy fell within the scope of the Workmen's Compensation Act, which bars any common law action by an employee against a negligent co-employee if the injuries were accidental and arose out of and in the course of employment (Ill. Rev. Stat. 1977, ch. 48, pars. 138.2, 138.5(a)). In his reply plaintiff admitted that the accident occurred on a private parking lot owned by the employer of both plaintiff and defendant. Defendant thereafter filed a motion to dismiss on the ground that plaintiff's common law action was barred by the provisions of the Workmen's Compensation Act. Defendant's motion was fully

briefed and, after a hearing, the trial court granted the motion and dismissed with prejudice plaintiff's cause of action. Plaintiff's oral motion for rehearing was denied instanter.

Plaintiff initially maintains that the trial court improperly granted defendant's motion to dismiss because defendant failed to prove that Elkay Manufacturing Company was an employer covered under either section 2 or section 3 of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.2, 138.3). In the absence of such coverage plaintiff would have no remedy against defendant under the Act and, therefore, his common law negligence action would not be barred. (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a); *Washington v. Draper & Kramer, Inc.* (1973), 11 Ill. App. 3d 952, 955, 298 N.E.2d 270.) Plaintiff, however, did not question Elkay's status as a covered employer in the trial court, and we find that this issue has been waived. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

A common law action by an employee against a negligent co-employee is barred if the injuries were accidental and arose out of and in the course of the employment. (Ill. Rev. Stat. 1977, ch. 48, pars. 138.2, 138.5(a); *Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618, 628, 161 N.E.2d 812.) The words "arising out of" refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury. In order for an injury to come within the Act, it must have had an origin in some risk connected with, or incidental to, the employment, so that there is a causal connection between the employment and the injury. The injury need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence. *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 277, 201 N.E.2d 434.

In *Chmelik* the plaintiff was injured in a parking lot provided by his employer. At the end of his workday, as plaintiff was walking across the lot to his vehicle, he was struck by a vehicle driven by a co-employee who was also leaving work. Defendant pleaded that the accident on the employer's premises was covered by the Workmen's Compensation Act because it had arisen out of and in the course of the employment of both plaintiff and defendant. In affirming the trial court's order entering judgment for the defendant on the pleadings, the supreme court addressed the question of whether the accident arose out of the employment:

> "* * * it is more than clear that the parking lot was provided and used as an incident of the employment. The lot was used as an adjunct of the employer's plant, it was furnished and maintained

by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment." 31 Ill. 2d 272, 279-80.

Here the plaintiff was injured in the employer's parking lot while in the process of leaving work. Defendant's vehicle struck plaintiff's while defendant was pulling into the lot shortly before he was scheduled to begin work. In these circumstances the accidental injuries sustained by plaintiff arose out of and in the course of employment.

Plaintiff contends that an injury does not arise out of the employment unless the danger causing the injury is peculiar to the work and the risk is not one to which the public generally is subjected. (See, *e.g.*, *Lagomarcino-Grupe Co. v. Industrial Com.* (1943), 383 Ill. 95, 99, 48 N.E.2d 412.) However, in *Chmelik*, the court stated that if an employee is exposed to a risk common to the general public, but to a greater degree than other persons by reason of his employment, the accidental injury is said to arise out of his employment. 31 Ill. 2d 272, 278. See also *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239, 357 N.E.2d 541.

This same issue was addressed in *Chmelik*. The court held that even if it had been shown that the public used the parking lot or was exposed to its perils, the regular and continual use of the parking lot by employees, especially at quitting time when there is typically a mass and speedy exodus of the vehicles in the lot, would result in a degree of exposure to the common risk beyond that to which the general public would be subjected. (31 Ill. 2d 272, 280.) Accordingly we find that the accident was one "arising out of * * * the employment."

Plaintiff contends further that defendant's motion to dismiss was improperly granted because there was no evidence that the accident occurred while "in the course of the employment." An accidental injury is received in the course of employment when it occurs within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278.) Contrary to plaintiff's assertion, employment is not limited to the exact moment when the employee begins or ceases his duties. Employment contemplates an employee's entry upon and departure from the employer's premises as much as it contemplates his working there and necessarily includes a reasonable time before commencing and after concluding actual employment. *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278.

It is true, as plaintiff points out, that not all parking lot injuries under whatever circumstances are compensable. It is only when the injury is incidental to the anticipated normal use of the parking lot that it arises in the course of employment. (*Aaron v. Industrial Com.* (1974), 59 Ill. 2d 267, 269, 319 N.E.2d 820.) A personal deviation can break the causal link

with the employment. (*Aaron v. Industrial Com.* (1974), 59 Ill. 2d 267, 269; *Fisher Body Division v. Industrial Com.* (1968), 40 Ill. 2d 514, 516-17, 240 N.E.2d 694.) There is nothing in this record, however, to suggest that either plaintiff or defendant had engaged in any personal deviations from activities incident to their employment. Plaintiff's injuries were sustained in an accident the risk of which was clearly contemplated by plaintiff and defendant's employment. *Chmelik.*

Plaintiff admitted in his reply that the accident occurred "in a private parking lot owned by the employer * * *." Whether the employees were compelled to park in the lot, its use by them was certainly contemplated. An accident occurring between workshifts as plaintiff was leaving work and defendant was going to work unquestionably falls within the scope of the *Chmelik* opinion.

Based on the pleadings, we conclude that plaintiff's injuries were incidental to the anticipated normal use of the parking lot provided for the employees by the employer and therefore arose out of and in the course of employment. Plaintiff's exclusive remedy was under the Workmen's Compensation Act, and his common law negligence action against defendant, a co-employee, was barred. Accordingly we affirm the order of the trial court dismissing plaintiff's cause of action.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.