PORTER WITHAM, Plaintiff-Appellant, v. LARRY W. MOWERY, Defendant-Appellee.

Fourth District   No. 4—87—0250

Opinion filed September 29, 1987.

Tracy A. Smith, of Bloomington, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On January 27, 1984, plaintiff, Porter Witham, filed a complaint against defendant, Larry Mowery, in the circuit court of McLean County. The complaint alleged that, at a time when both plaintiff and defendant were employees of the Illinois Department of Transportation, "defendant did knowingly, intentionally, wilfully, maliciously and wrongfully [grasp] plaintiff about the neck, [choking] and [bruising] plaintiff, causing internal and external injuries to plaintiff." Defendant filed a motion to dismiss plaintiff's complaint on the ground that it was barred by section 5(a) of the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a)), because plaintiff had also filed a claim under that act for the same alleged injuries. On March 10, 1987, the circuit court allowed the motion dismissing the case in bar of action. Plaintiff appeals.

The theory that plaintiff's cause of action is barred is based on sections 5(a) and 11 of the Act and the decisions of the Illinois Supreme Court in *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870, and *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198. Section 5(a) provides that an employee covered under the provisions of the Act may not recover common law or statutory damages from the employer for injury or death sustained in the line of his duty as such employee, other than such compensation as provided in the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a)). Section 11 states that the compensation provided under the provisions of the Act shall be the measure of responsibility of an employer who has elected to provide and pay compensation for accidental injuries sustained by an employee arising out of and in the course of his employment. (Ill. Rev. Stat. 1985, ch. 48, par. 138.11.) Neither section expressly states that the *filing* of a claim under the Act is a bar to filing a complaint for civil damages.

In *Fregeau*, the supreme court held that the plaintiff, who had been injured as a result of a fellow employee's intentional actions, was barred from pursuing a common law tort action against that coemployee where plaintiff had agreed to accept workers' compensation benefits.

In *Collier*, the issue raised on appeal was whether, assuming plaintiff's allegations were sufficient to state a cause of action for intentional infliction of emotional distress by a coemployee, such an action could be brought in light of sections 5(a) and 11. There, the plaintiff had accepted workers' compensation benefits before filing the common law action for intentional tort against a coemployee. The court, in interpreting sections 5(a) and 11 indicated:

"To escape the bar of these sections, plaintiff would have to prove either that the injury (1) was not accidental (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act." (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 237, 408 N.E.2d 198, 202.)

However, the supreme court concluded that it need not decide whether an action for infliction of intentional injuries against a coemployee would escape the bar of those sections. The court concluded that in any event, an employee could not collect compensation under the Act and then file suit against a coemployee for civil damages for the intentional tort giving rise to the compensated injuries. That conclusion was based on a fear of double recovery as well as a desire to prevent the proliferation of litigation.

The *Collier* court noted, however, authorities which suggest that an intentional tortfeasor should not be able to (1) shield his liability with the exclusivity provisions of the Act (2A A. Larson, Workmen's Compensation secs. 68.12 n.9, 67.22 (1976)); or (2) shift his liability to a fund paid for with premiums collected from innocent employers. *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 380 N.E.2d 924.

The *Fregeau* opinion repeated much of the language of *Collier* and stated that the court still had not determined whether an employee can sue a coemployee for an intentional tort arising in the course of and out of employment. Both decisions were based on the actual receipt of workers' compensation benefits by the employee claiming to have been intentionally injured. Neither decision is authority for the proposition that the mere filing of a claim for such benefits bars a suit in tort against the coemployee.

In *Rhodes v. Industrial Com.* (1982), 92 Ill. 2d 467, 442 N.E.2d 509, the court said that, at least where he is *uncertain* of his ground for recovery, there was nothing to prevent a cautious employee who has a pending workers' compensation claim from also filing a common law action against a coemployee. However, the court noted he could not recover under both actions. Here, in view of *Collier*'s suggesting, without deciding, that a suit by an employee covered by the Act can be brought against a coemployee for the infliction of an intentional tort, plaintiff's common law cause of action was sufficiently uncertain to justify its filing even though plaintiff had also filed an application for adjustment of claim under the Act. The instant situation falls within the *dictum* of *Rhodes*.

Accordingly, we hold that the complaint should not have been dismissed at this stage of the proceedings, where the injured employee

had not recovered any compensation under the Act.

For the reasons stated, the decision of the trial court is reversed.

Reversed.

SPITZ, P.J., and LUND, J., concur.