VALERIE L. CARRILLO, Plaintiff-Appellant, v. LEO HAMLING, Indiv. and in his Capacity as a Police Officer of the City of Aurora, Defendant-Appellee.

Second District   No. 2—89—0907

Opinion filed June 20, 1990.

Phillip S. Wood, of Pasky & Wood, of Aurora, for appellant.

Thomas P. Schreschel, of Querrey & Harrow, Ltd., of Geneva, and Ellyn B. Dorf and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Valerie Carrillo, appeals the trial court's order dismissing her complaint against defendant, Leo Hamling, the trial court having found that defendant was on duty as a police officer at the time he allegedly inflicted injuries upon plaintiff, a fellow police officer. Thus, the trial court ruled that defendant was immune from plaintiff's common-law tort claim pursuant to the exclusivity provision

of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)). On appeal, plaintiff contends that the trial court's ruling in this regard is erroneous as a matter of law. We agree and therefore reverse the order and remand the cause.

■ The trial court granted defendant's motion to dismiss filed pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)). For purposes of such a motion, the trial court is obliged to accept as true all well-pleaded facts in the complaint, along with all the reasonable inferences which may be drawn therefrom. (*Basler v. Webb* (1989), 188 Ill. App. 3d 178, 180.) Thus, we may adduce the following facts from plaintiff's complaint.

Plaintiff, an Aurora, Illinois, police officer, was on duty on December 10, 1986, when she responded to a call for aid at 325 West Downer Place, Aurora. There plaintiff found defendant, a fellow police officer, battering his wife. Plaintiff approached defendant and verbally ordered him to cease the attack. When defendant did not respond, plaintiff attempted to restrain him. However, defendant turned and flung plaintiff onto the cement sidewalk forcefully enough to cause multiple fractures to plaintiff's left leg, among other injuries.

On February 1, 1988, plaintiff filed a three-count complaint against defendant and various other city officials and employees including the chief of police. In count I, plaintiff named defendant individually, alleging that defendant had negligently caused her injuries; in count II, plaintiff alternatively alleged that defendant had intentionally injured her; in an amended count III, plaintiff charged defendant, the chief of police and other city officials and employees, in their official capacities, with conspiring to cover up defendant's alleged numerous attacks on other women, thus insulating defendant from arrest and/or departmental discipline. The police chief and the city have been dismissed as defendants by agreement, and they are not parties to this appeal.

Defendant filed an answer and various affirmative defenses, in which he claimed, *inter alia*, that plaintiff had been awarded worker's compensation benefits as a result of her worker's compensation claim for the injuries she sustained on December 10, 1986. Defendant claimed that since plaintiff elected her worker's compensation remedy, she "has forfeited her right to recover *** from the Defendant, LEO M. HAMLING, a fellow servant and employee, on a common-law claim." Defendant cited section 5(a) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)) in support of this affirmative defense.

Defendant subsequently filed a motion to dismiss plaintiff's com-

plaint pursuant to section 2—619(a)(9) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)), in which he stated that according to a general order of the Aurora police department, an Aurora police officer "will be considered as being always on duty." Defendant argued that an injured police officer who receives worker's compensation benefits for her injuries, such as plaintiff, cannot maintain a separate civil action against a co-worker whose acts allegedly caused her injuries, whether such acts were negligent or intentional. Defendant relied upon *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241, and *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 486.

The trial court heard the parties' arguments on the motion and concluded, on the basis of the cited general order, that:

"Police officers in the City of Aurora are on duty around the clock. And therefore, the fellow servant rule and the cases cited by [defendant's counsel] *** are appropriate, and the complaint is dismissed."

Plaintiff's timely appeal ensued.

The issue presented in this appeal is whether section 5(a) of the Act, the so-called exclusivity provision (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)), precludes plaintiff's common-law tort action against defendant, a co-worker. Section 5(a) provides, in pertinent part:

"No common law or statutory right to recover damages from the employer, his insurer, his broker *** or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a).)

Thus an individual who is injured in the course of his employment may not sue his employer or fellow employees for damages.

The supreme court has interpreted this provision in the Act as barring an injured employee's suit against a co-worker who has inflicted injuries through his negligence (*Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618); through his wilful or wanton conduct (*Sjostrom v. Sproule* (1965), 33 Ill. 2d 40); and even through his intentional acts (*Fregeau v. Gillespie* (1983), 96 Ill. 2d 479; *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229). Interestingly, however, the court has held that this section provides for the election of remedies, that is, the injured employee who chooses to pursue his worker's compensation claim and receives benefits pursuant to the Act forfeits any right to maintain a common-law action, while, apparently, an employee who foregoes his worker's compensation claim and the attend-

ant benefits may sue the tort-feasor/co-worker. (See *Fregeau*, 96 Ill. 2d at 485-86; *Collier*, 81 Ill. 2d at 241-42.) Recently, the appellate court has considered the holdings in both *Collier* and *Fregeau* and has held that section 5(a) of the Act does not bar the injured employee's intentional tort action against a co-worker where the injured employee has filed a compensation claim but has not yet recovered any benefits. (*Witham v. Mowery* (1987), 161 Ill. App. 3d 322, 324-25.) As the *Witham* court observed:

"The *Fregeau* opinion repeated much of the language of *Collier* and stated that the court still had not determined whether an employee can sue a coemployee for an intentional tort arising in the course of and out of employment. Both decisions were based on the actual receipt of workers' compensation benefits by the employee claiming to have been intentionally injured. Neither decision is authority for the proposition that the mere filing of a claim for such benefits bars a suit in tort against the coemployee." 161 Ill. App. 3d at 324.

In the instant cause, it is undisputed that plaintiff has received worker's compensation benefits for the injuries she sustained when defendant threw her on the sidewalk on December 10, 1986. The trial court determined that, by virtue of his status as an Aurora city police officer, defendant was "on duty around the clock." The trial court then concluded that plaintiff's complaint should be dismissed.

█▌ ▌ In essence, the trial court ruled that plaintiff was barred from maintaining a common-law tort action against defendant because the parties were co-workers who were "on duty" at the time defendant injured plaintiff. The trial court's order dismissing plaintiff's complaint relies upon the holdings of *Collier* and *Fregeau*, cited by defendant in his motion to dismiss, and upon the Aurora police department's general orders, which provide that an officer "will be considered as being always on-duty." We hold that the trial court's decision that defendant was "on duty" is erroneous as a matter of law; further, we hold that defendant's mere status as plaintiff's co-worker does not shield defendant from liability for plaintiff's injuries which resulted from defendant's intentional acts. Thus, the judgment of the trial court dismissing plaintiff's complaint must be reversed.

█▌ ▌ Defendant's section 2—619(a)(9) motion to dismiss plaintiff's complaint relied heavily upon paragraph 12.6.1 of the Aurora police department general orders to establish that defendant was on duty at the time he injured plaintiff. The trial court's judgment rests squarely on its interpretation and application of this local rule. Although neither party submitted a certified copy of the police depart-

ment's general orders, both submitted photocopies purporting to portray the rule at issue. The trial court apparently took judicial notice of the photocopies and issued its order accordingly. This court, too, may take judicial notice of documents under section 8—1002 of the Code of Civil Procedure, which provides that "[u]pon the review of any court of appellate jurisdiction of a judgment or order of a circuit court the court of appellate jurisdiction shall take judicial notice of all matters of which the circuit court was required to take judicial notice." (Ill. Rev. Stat. 1989, ch. 110, par. 8—1002.) Nevertheless, no court can take judicial notice of a document or ordinance which it does not have before it or to which it does not have access. (*People v. Davis* (1989), 180 Ill. App. 3d 749, 753.) For purposes of review of the present case only, and because the parties do not dispute this fact, we will consider that the photocopies of the police department rules contained in the record accurately portray their content.

Paragraph 12.6.1 appears in a section entitled "Hours of Duty" and provides in its entirety:

> "Each and every member of the Aurora Police Department will be considered as being always on-duty. Although certain hours are allotted the respective members for the performance of duty on ordinary occasions, employees are expected to respond immediately day or night, in an emergency situation, on notice that their services are required."

Immediately following this paragraph, paragraph 12.6.2 provides, in pertinent part:

> "While technically off-duty, officers shall not be relieved from the responsibility of taking proper police action on any matter coming to their attention at any time."

These paragraphs plainly disclose the Aurora police department's intention that its officers shall be ready and available to respond to emergencies at any time, regardless of their duty status. In short, Aurora police officers are on call for emergency purposes around the clock. We do not believe, however, that these paragraphs can be read to imply that an off-shift police officer engaged in purely personal activities is "on duty" while performing such activities.

As our supreme court has noted:

> "While it is generally true that a peace officer *** is on call 24 hours a day ***, it does not necessarily follow that every injury suffered by a peace officer is compensable. Any injury must still be incidental to one's employment as a peace officer." *Siens v. Industrial Comm'n* (1981), 84 Ill. 2d 361, 364.

See also *Wolland v. Industrial Comm'n* (1982), 91 Ill. 2d 58, 64.

Taking the allegations of plaintiff's complaint as true, as we are obliged to do pursuant to section 2—619, defendant was beating his wife when plaintiff attempted to restrain him. Defendant turned and flung plaintiff to the ground, injuring her. Although defendant was undoubtedly subject to being called at the time he injured plaintiff, we cannot accept that defendant's assault on plaintiff was incidental to his employment as a police officer. Had defendant himself been injured during the altercation, his injuries surely would not have been compensable under the Act as he was engaged in the commission of a crime, admittedly "a diversion totally unrelated to his employment as a police officer" (*Wolland*, 91 Ill. 2d at 64). The trial court's finding that defendant was on duty as a police officer at the time he injured plaintiff is unsupported by the facts before the court and flies in the face of logic. We hold that for the purposes of defendant's section 2—619(a)(9) motion to dismiss, defendant was not on duty at the time in question.

■ We note that on appeal defendant apparently abandons his contention that he was on duty at the time he injured plaintiff and instead raises, for the first time, the theory that his mere status as plaintiff's co-worker shields him from liability for plaintiff's injuries resulting from his intentional acts. As plaintiff correctly observes in her reply brief, the defendant had the opportunity to raise this theory before the trial court and failed to do so. As a general rule, issues not raised in the trial court are deemed waived and may not be presented and argued for the first time on appeal. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.) Nevertheless, because defendant has so clearly misstated the law, we will address his contention that his mere status as plaintiff's co-worker renders him immune from his common-law tort action.

Defendant argues that the Act does not require a tort-feasor employee to be acting in furtherance of his employment in order to enjoy immunity from a co-worker's common-law tort action. Defendant further states that there is no case law supporting plaintiff's theory that she may recover compensation for her work-related injury from both her employer and defendant, the co-employee who caused her injury. To the contrary, we observe, as did the *Witham* and *Collier* courts, that authorities exist which imply that one who commits an intentional tort should not be allowed to take advantage of the Act's exclusionary provision and should not be permitted to shift his liability for such tortious acts to an innocent employer's insurance fund. (See 2A A. Larson, The Law of Workmen's Compensation §§68.12 n.9, 67.22

(1989); see also *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 915.) Larson states:

"It is possible, within the bounds of compensation theory, to make out a case justifying [the] legislative extension of immunity to the coemployee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts. This reasoning can be extended to the tortfeasor coemployee; he, too, is involved in this compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault.

\* \* \*

It must be observed that the immunity attaches to the coemployee *only when the coemployee is acting in the course of his employment.* This is consistent with the justification for the immunity just described, since the coemployee's employment status does not increase the risk of his causing nonindustrial injury to his fellow-workers." (Emphasis added.) 2A A. Larson, The Law of Workmen's Compensation §§72.22, 72.23 (1989).

In support of the second observation above, Larson cites no less than six Illinois decisions. For example, in *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278, the supreme court affirmed the trial court's order that the plaintiff's suit against a co-worker was barred by the Act based on its conclusion "that the accidental injury suffered by plaintiff did arise out of and in the course of the employment of himself *and* his coemployee." (Emphasis added.) The appellate court reached similar conclusions in *Williams v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 274, 276-77, where the court held that the Act precludes an employee's common-law action against a co-employee if the employee's injury "arises out of and in the course of *their* employment" (emphasis added), and in *Brooks v. Carter* (1981), 102 Ill. App. 3d 635, 639, where the court also barred plaintiff's common-law action against a co-employee. The *Brooks* court stated, "[t]here is nothing in this record, however, to suggest that either plaintiff or defendant had engaged in any personal deviations from activities incident to their employment." (102 Ill. App. 3d at 639.) The court concluded that the plaintiff's injuries were sustained "in an accident the risk of which was clearly contemplated by plaintiff and defendant's employment." 102 Ill. App. 3d at 639.

■ Similarly, we note that the tort-feasor employees in *Collier,*

*Fregeau,* and *Mijatov v. Graves* (1989), 188 Ill. App. 3d 792, were all apparently engaged within the scope of their employment at the time they committed intentional acts against the plaintiff employees. Indeed, our research has failed to disclose case law which would support the instant defendant's contention that the Act precludes plaintiff's common-law action against him merely because he is her co-worker. We hold that in order to enjoy any such immunity flowing from the exclusivity provision of the Act, the co-employee's tortious act must have been committed in the course of his employment. To hold otherwise would lead to absurd results, including the possibility that off-duty workers could engage in brawls with their on-duty cohorts with impunity. We do not believe such an approach reflects the public policy embodied in the Act, and we reject it.

In view of the foregoing discussion, we reverse the judgment of the trial court and remand the cause for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

McLAREN and WOODWARD, JJ., concur.